643 So.2d 656 (1994)
Harry Charles GOLDBERG, Petitioner,
v.
Rose GOLDBERG and Alan J. Howard, Respondents.
No. 94-1157.
District Court of Appeal of Florida, Fourth District.
October 5, 1994.
Joel M. Weissman and Denise Apter of Weissman and Manoff, P.A., and Dean J. Rosenbach of Lewis, Vegosen & Rosenbach, West Palm Beach, for petitioner.
Nancy W. Gregoire and W. Edward McIntyre, of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for respondents.
WARNER, Judge.
In this unfortunate proceeding, an elderly husband seeks a divorce from his incompetent wife. Based on section 61.052(1)(b), Florida Statutes (1993), the trial court abated the proceedings for three years. The husband petitions this court for a writ of certiorari, *657 claiming that the trial court departed from the essential requirements of law in ordering the abatement. We hold that it did not, because section 61.052(1)(b) precludes the institution or maintenance of an action for dissolution of marriage until three years after the wife has been adjudged incompetent.
The petitioner husband who is now 86 years old, and the wife who is 75 years old, have been married for 29 years. It was the wife's second marriage, and she had children from her first marriage. The parties have lived in Florida for the past twenty years. In April of 1992 the wife suffered a debilitating stroke. The parties agree that she has been incompetent from that time forward. After her stroke, her son brought her to Missouri where she remains. In December of 1992, the son, as attorney-in-fact for his mother under a durable power of attorney executed prior to her incompetency, filed a suit for separate maintenance in Missouri. Thereafter, the husband filed an action for dissolution of marriage in Florida alleging both that the marriage was irretrievably broken and that the wife was incapacitated by stroke. The wife, through her son under the durable power of attorney, asserted as an affirmative defense that she was mentally incapacitated within the meaning of section 61.052(1)(b), Florida Statutes, and suggested that the husband was prohibited from maintaining the action for dissolution of marriage. While the husband moved to strike the defense, contending that he was requesting a divorce on the alternate ground that the marriage was irretrievably broken, the court rejected this argument but abated the proceedings temporarily because no adjudication of the wife's incapacity had been made. The wife then commenced incompetency proceedings which were completed in March 1994, and after a hearing on the matter, the trial court abated the dissolution proceedings for three years based on section 61.052(1)(b). This petition followed.
Preliminarily, we have recently held that an order of abatement is properly reviewable by petition for writ of certiorari, because there is no adequate remedy after final judgment for the delay caused by abatement. See Britamco Underwriters, Inc. v. Central Jersey Investments, Inc., 632 So.2d 138 (Fla. 4th DCA 1994). In this case, with the husband advanced in age, refusal to review the abatement order at this stage may deprive him of all access to the court. We therefore have no problem reaching the issue of whether the trial court's order departed from the essential requirements of law. We hold it did not.
Section 61.052(1) provides:
(1) No judgment of dissolution of marriage shall be granted unless one of the following facts appears, which shall be pleaded generally:
(a) The marriage is irretrievably broken.
(b) Mental incapacity of one of the parties. However, no dissolution shall be allowed unless the party alleged to be incapacitated shall have been adjudged incapacitated according to the provisions of s. 744.331 for a preceding period of at least 3 years. Notice of the proceeding for dissolution shall be served upon one of the nearest blood relatives or guardian of the incapacitated person, and the relative or guardian shall be entitled to appear and to be heard upon the issues. If the incapacitated party has a general guardian other than the party bringing the proceeding, the petition and summons shall be served upon the incapacitated party and the guardian; and the guardian shall defend and protect the interests of the incapacitated party. If the incapacitated party has no guardian other than the party bringing the proceeding, the court shall appoint a guardian ad litem to defend and protect the interests of the incapacitated party. However, in all dissolutions of marriage granted on the basis of incapacity, the court may require the petitioner to pay alimony pursuant to the provisions of s. 61.08.
In granting the abatement for three years the trial court reasoned that where a party is incompetent, subsection (b) was the exclusive method of obtaining a dissolution of the marriage. The trial court's analysis, contained in a prior order, stated:

*658 Subsection "b" contains time limitations and procedural safeguards which were obviously designed to protect those who could not protect themselves. The husband's assertion that he is free to select "a" over "b" would effectively vitiate the legislative scheme by rendering subsection "b" useless.
Subsection (b) was originally enacted as section 61.042 in 1969. That section provided that "incurable insanity" was an additional ground for divorce. Its language was similar to section 61.052(1)(b). The statute provided for a waiting period, procedural safeguards for the incompetent spouse, and compelled the "plaintiff" to provide for the care and maintenance of the insane "defendant."
Two years after the adoption of section 61.042 the Florida Legislature passed the no-fault divorce statute. Section 61.052 replaced the former fault-based grounds for divorce. However, it retained "mental incompetence" as a separate fact which may be proved. If, as appellant suggests, a petitioning spouse may merely allege that the marriage is irretrievably broken to obtain a divorce, the question must be asked (which the trial judge did) what purpose is served by section 61.052(1)(b)? Every spouse of an incompetent who wanted to get a divorce less than three years after the adjudged incapacity of the responding spouse would rely on subsection (a) rather than subsection (b), if a petitioner could choose between subsections in filing for dissolution. Courts should interpret a statute so as to give effect to all of its provisions. Forsythe v. Longboat Key Beach Erosion Control District, 604 So.2d 452, 455 (Fla. 1992). Construing subsection (b) as the trial court did gives effect to both provisions.
The statute provides that "no judgment shall be granted unless one of the following facts appears, which shall be pleaded generally: [either] (a) The marriage is irretrievably broken [or] (b) Mental incapacity of one of the parties." § 61.052(1), Fla. Stat. We note that the statute simply refers to "pleading," not to the petition alone. Moreover, it does not refer to either (a) or (b) as grounds for dissolution, as they were formerly called, but merely as facts which must appear. Therefore, we construe the statute as permitting the allegation of incapacity to appear in either the petition or the response. However, if the fact of mental incapacity of one of the parties appears, then subsection (b) clearly states that "no dissolution shall be allowed unless the party alleged to be incapacitated shall have been adjudged incapacitated ... for a preceding period of at least 3 years" (emphasis supplied). Thus, even where both facts appear in the pleadings, the dissolution can not be granted without the fulfillment of the requirements of subsection (b).
Moreover, the protection of incompetents is a particular duty of the state and the courts. See Cohen v. Cohen, 346 So.2d 1047, 1048 (Fla. 2d DCA 1977). While we have been provided no legislative history, the fact that the statute was retained after this state adopted no-fault divorce suggests the legislature's continued concern for the protection of incompetents. The statute should be construed in light of this obligation. For these reasons, we hold that the trial court's construction of the statute was correct.
We recognize that because of the husband's advanced age, he may very well be prevented from obtaining this divorce. However, divorce is strictly a creature of statute. It is up to the legislature to determine the terms upon which a dissolution of marriage will be allowed. While the husband contends that by abating this action the court has acted contrary to section 415.114, Florida Statutes (1991), which permits a trial court to advance a civil action in which a person over 65 years of age is a party, that statute is discretionary, whereas section 61.052(1)(b) is mandatory in its requirements.
The petition for writ of certiorari is denied.
GUNTHER and STEVENSON, JJ., concur.