720 So.2d 551 (1998)
Galo Enrique ANDRADE, Appellant,
v.
Rose Elizabeth ANDRADE, Appellee.
No. 97-4446.
District Court of Appeal of Florida, Fourth District.
August 19, 1998.
Rehearing, Rehearing and Certification Denied October 2, 1998.
Nancy W. Gregoire of Bunnell, Woulfe, Kirschbaum, Keller & McIntyre, P.A., and Randi Glick Boven of Randi Glick Boven, P.A., Fort Lauderdale, for appellant.
Joel Miller, Fort Lauderdale, for appellee.
Rehearing, Rehearing En Banc and Certification Denied October 2, 1998.
*552 STONE, Chief Judge.
We affirm an order vacating a default and final judgment of dissolution of marriage. We also deny the husband's companion petition for certiorari relief from the trial court's order abating further proceedings pending a determination of the wife's mental competency.
The parties have three children. Appellant sought sole permanent custody based on Appellee's alleged mental incapacity. Appellant also filed a motion to remove her from the marital home, alleging that she had been diagnosed with mental illness and was refusing to take prescribed medications. The court awarded Appellant sole custody of the children and possession of the home.
Appellee moved to vacate the final judgment, alleging that she was mentally incompetent at all relevant times and that Appellant knew this. Section 61.052(1)(b), Florida Statutes, provides that a dissolution of marriage is not allowed where an incapacitated party has not been adjudged incapacitated for at least 3 years preceding. A hearing was conducted on the motion, and evidence was admitted concerning the details of Appellee's conduct, mental illness, and medication history.
In order to obtain relief from a default final judgment pursuant to rule 1.540(b), Florida Rules of Civil Procedure, a party seeking relief must demonstrate excusable neglect, a meritorious defense, and that the party acted with due diligence. E.g. Schwartz v. Business Cards Tomorrow, Inc., 644 So.2d 611 (Fla. 4th DCA 1994). Here, Appellee's defense is that she is mentally ill and could not be divorced. Although Appellant claims that no excusable neglect was demonstrated, the "excusable neglect" basis for setting aside the judgment is certainly satisfied by demonstrating mental incapacity. The court found that Appellee was "in a process of deterioration at the time that that final judgmentor at the time that she was served."
We recognize that section 61.052(1)(b), Florida Statutes, does not establish a procedure applicable in the absence of a formal adjudication of incompetency. However, support for abatement in this case is found in Goldberg v. Goldberg, 643 So.2d 656 (Fla. 4th DCA 1994), where the trial court abated dissolution proceedings. We note that formal incompetency proceedings have since been commenced.
AFFIRMED; CERTIORARI DENIED.
WARNER and STEVENSON, JJ., concur.