ALTENBERND, Judge,
Dissenting.
I would grant this petition for writ of certiorari and order the trial court to reactivate this divorce proceeding. The husband’s out-of-state adjudication of incapacity, after *1176 he had admitted that the marriage was irretrievably broken, did not deprive the trial court of its jurisdiction to protect the wife. At least in this record, Florida has no assurance that the wife will be adequately protected by any proceeding in Indiana. Although I am inclined to believe that the trial court should have authority to enter a final judgment of dissolution under these facts, at a minimum, the court should exercise sufficient interim jurisdiction to protect the wife and the Florida marital assets. This case and the Fourth District’s decision in Goldberg, 643 So.2d 656, cause me to believe that the legislature should reexamine the contents of section 61.052(1), Florida Statutes (1997).
Charles and Evelyn Cooper married in Muncie, Indiana, in 1963. It was a second marriage for both parties. There are no children of this marriage, but each party has children from a prior marriage. Both parties are now over seventy years of age. At some point, the couple moved to Lee County, Florida. After living in a condominium for an undisclosed period, they sold the condominium and began to build a large home. Their marital assets are valued in excess of one million dollars, but the new home is still an extravagance.
Allegedly, there were times when Mr. Cooper was violent during the early years of this marriage. This violence resurfaced in 1996. In May 1997, Mrs. Cooper filed for divorce in Lee County, claiming that the marriage was irretrievably broken. Mr. Cooper answered the petition in June, admitting that the marriage was irretrievably broken and filed his own counter-petition. Both parties were represented by Florida counsel in these proceedings.
Thereafter, Mr. Cooper traveled to Indiana and took up residence with one of his children. His children suspected that he was having medical problems and were quite concerned about his imprudent expenditures on the Florida home. They retained an Indiana lawyer who had Mr. Cooper examined by a qualified neurologist and other physicians. The neurologist prepared a report in October 1997 stating his impression that Mr. Cooper had “possible very early Alzheimer’s disease.” The other physicians also diagnosed dementia, disturbance of mood, and Alzheimer’s disease.
In December 1997, Mr. Cooper’s two sons, a daughter-in-law, and his Indiana lawyer filed a petition in Indiana to declare Mr. Cooper incapacitated. The Indiana circuit court granted the petition on December 10, 1997. Thereafter, Mr. Cooper’s Florida counsel filed a copy of the Indiana order in the Florida dissolution action and asked that the case be “abated” for three years. On March 17, 1998, the trial court entered an order “abating” the divorce for three years or until Mr. Cooper is no longer incapacitated, whichever first occurs.[1] Mrs. Cooper then filed a petition for writ of certiorari asking this court to vacate the order of abatement.
Section 61.052(1) authorizes a judgment of dissolution of marriage either when the marriage is irretrievably broken or after longstanding mental incapacity. I do not agree that Mr. Cooper’s adjudication of incapacity months after both parties had admitted that the marriage was irretrievably broken deprives the trial court of jurisdiction to enter a final judgment of divorce in this case. There is no basis in this record to conclude that Mr. Cooper was incompetent when he answered the petition and counter-petitioned or that his counsel acted inappropriately in admitting that the marriage between the parties was irretrievably broken in June 1997 when both parties were legally competent. At most, Mr. Cooper’s guardian should be allowed to withdraw the admission and require Mrs. Cooper to prove the ground for divorce as she would in any contested divorce.
*1177 Although Judge Warner’s decision in Goldberg is persuasive, I do not agree that section 61.052(l)(b), which permits a divorce upon proof of a party’s incapacity for three years, compels an abatement or stay of a proceeding seeking a divorce on the ground that the marriage is irretrievably broken. Subsection (b) permits a party to allege that they still love their spouse but are compelled to divorce them due to the longstanding mental incapacity. Neither party must subjectively believe that the marriage is irretrievably broken to obtain a divorce under subsection (b). Thus, each subsection serves a distinct purpose.
I agree that special protection needs be to afforded to the mentally incapacitated in divorce proceedings. However, there are times when the spouse of a mentally incapacitated person needs protection as well. In light of the aging of our population and the changes in medical treatment, it is increasingly likely that a marriage will become irretrievably broken near the time when one party becomes incapacitated. An elderly spouse may need to utilize divorce to protect herself physically and financially in such a circumstance. Although I see no reason to suspect any improper motive for this specific Indiana guardianship, this case demonstrates the ability to delay a Florida divorce by the filing of proceedings in another state.[2]
It is unclear to me whether the trial court now intends to award adequate alimony pursuant to section 61.09, Florida Statutes (1997). I am also uncertain whether the Indiana court in the subsequently filed proceeding can or should be permitted to transfer or sell marital property in Florida that was subject to the jurisdiction of the Florida circuit court in the dissolution proceeding. A Florida court would not defer to the Indiana proceeding if it were a subsequently filed divorce action, and I am troubled by the deference in this case.
I conclude that Mrs. Cooper has sustained an injury that is irreparable on final appeal and that the circuit court departed from the essential requirements of the law when it abated her divorce action without at least conducting an evidentiary hearing to determine whether her legal interests would be adequately protected by proceeding in another state with a valid claim to jurisdiction over her and her property.

. The trial court did not merely stay a pending lawsuit. It "abated" the action. A stay is usually discretionary, whereas an abatement is entered as a matter of right. Abatement suspends an action until a defect is cured. See generally, 1 Fla. Jur.2d Actions § 80 (1997). This divorce action, based on an irretrievably broken marriage, was not premature. The fact that it would have been premature for Mrs. Cooper to amend her petition to request a divorce due to longstanding incapacity did not entitle Mr. Cooper to abate this action after his earlier admission that the marriage was irretrievable broken.

. The petitioner argues that only an order of incapacity pursuant to section 744.331, Florida Statutes (1997), invokes a three-year waiting period for a divorce based on incapacity. See § 61.052(l)(b), Fla. Stat. (1997). I agree with the trial court that an order properly entered in another state under a similar statute should be recognized as a determination of legal incapacity for purposes of this statute.