IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT


ROSIE LEE WILLIAMS,

        Appellant,

 v.                             Case No.  5D23-478
                                    LT Case No. 2022-DR-00660

ROGER WILLIAMS, SR.

        Appellee.
_____/

Opinion filed July 13, 2023

Nonfinal Appeal from the Circuit Court
for Clay County,
Gary L. Wilkinson, Judge.

J. Nickolas Alexander, Jr., of J.
Nickolas Alexander, Jr., P.A., Orange
Park, for Appellant.

William S. Graessle, of William S.
Graessle, P.A., Jacksonville, for
Appellee.


<u>ON APPELLEE'S AMENDED MOTION FOR REHEARING AND/OR
CLARIFICATION</u>

PER CURIAM.

Appellee's Amended Motion for Rehearing and/or Clarification of the May 1, 2023 opinion issued in this case is denied.

DENIED.

BOATWRIGHT and KILBANE, JJ., concur.
LAMBERT, J., concurs specially, with opinion.

LAMBERT, J., concurring specially.

I fully concur with the majority's denial of Appellee's, Roger Williams, Sr. ("Husband"), Amended Motion for Rehearing and/or "Clarification" of our May 1, 2023 opinion issued in this case. Nevertheless, as author of the opinion, I have elected to explain my denial.

Appellant, Rosie Williams ("Wife"), appealed an order that briefly stayed the parties' dissolution of marriage proceedings, including a scheduled hearing on her motion for temporary relief. The trial court explained that the stay was imposed pending a determination of Husband's mental capacity and, if necessary, the appointment of a guardian in separate proceedings, which the court anticipated would occur within the month.

Pursuant to Florida Rule of Appellate Procedure 9.040(c), we treated Wife's appeal as a petition seeking certiorari relief from the stay order. In the opinion issued, we concluded that there was a lack of irreparable harm caused by the anticipated brief stay; and we dismissed the petition. However, we stated that our dismissal was "without prejudice to Wife seeking further relief if, assuming Husband has been found incapacitated and had a guardian appointed, the trial court does not thereafter vacate the stay in the dissolution of marriage litigation."

Husband's present amended motion seeks rehearing or clarification as to this verbiage. He advises that in January 2023, while the instant appeal was pending, the trial judge in the incapacity proceeding entered an order finding Husband to be totally incapacitated and that the guardianship court subsequently appointed a guardian of Husband's person and two separate individuals to be co-guardians of his property.

Husband argues that upon his being found to be totally incapacitated, section 61.052(1)(b), Florida Statutes (2022), requires that the underlying dissolution of marriage litigation be stayed or abated until either his capacity is restored or for three years, whichever occurs first. Husband contends that the above language in the opinion is contrary to the statute and effectively directs the trial court to vacate the stay.

Section 61.052(1), Florida Statutes, provides:

> (1) No judgment of dissolution of marriage shall be granted unless one of the following facts appears, which shall be pleaded generally:
>
> (a) The marriage is irretrievably broken.
>
> (b) Mental incapacity of one of the parties. However, no dissolution shall be allowed unless the party alleged to be incapacitated shall have been adjudged incapacitated according to the provisions of s. 744.331 for a preceding period of at least 3 years. Notice of the proceeding for dissolution shall be served upon one of the nearest blood relatives or guardian of the incapacitated person, and the relative

4

or guardian shall be entitled to appear and to be heard upon the issues. If the incapacitated party has a general guardian other than the party bringing the proceeding, the petition and summons shall be served upon the incapacitated party and the guardian; and the guardian shall defend and protect the interests of the incapacitated party. If the incapacitated party has no guardian other than the party bringing the proceeding, the court shall appoint a guardian ad litem to defend and protect the interests of the incapacitated party. However, in all dissolutions of marriage granted on the basis of incapacity, the court may require the petitioner to pay alimony pursuant to the provisions of s. 61.08.

In support of his argument on rehearing that our opinion should be modified or clarified so as to allow the trial court's stay to remain in place, Husband relied primarily on the Fourth District Court of Appeal's decision in *Goldberg v. Goldberg*, 643 So. 2d 656 (Fla. 4th DCA 1994). In that case, an elderly husband sought a divorce from his incompetent wife. *Id.* at 656. The parties agreed that the wife had been incompetent due to a debilitating stroke prior to the petition being filed. *Id.* at 657.

The husband alleged in his petition that the marriage was irretrievably broken and that his wife was incapacitated by the stroke. *Id.* The wife, through her son as attorney-in-fact under a durable power of attorney, asserted as an affirmative defense that she was mentally incapacitated and the husband was thus prohibited under section 61.052(1)(b), Florida Statutes (1993), from maintaining the action for dissolution of marriage. *Id.* The trial

court agreed; and, upon the wife being adjudicated incapacitated, it abated the proceedings for three years based on section 61.052(1)(b).[1] *Id.*

The husband petitioned for a writ of certiorari, claiming that the trial court's order abating the action departed from the essential requirements of law. *Id.* at 656–57. The Fourth District Court disagreed and denied the petition, determining that "section 61.052(1)(b) preclude[d] the institution or maintenance of an action for dissolution of marriage until three years after the wife had been adjudged incompetent." *Id.* at 657.

Here, unlike in *Goldberg*, Husband has filed no *pleading* alleging his mental incapacity; nor, for that matter, has Wife. Moreover, to the extent that *Goldberg* could apply here, we are not bound by the decision of our sister court. *See Point Conversions, LLC v. WPB Hotel Partners, LLC*, 324 So. 3d 947, 960 (Fla. 4th DCA 2021) (recognizing that an appellate court is not bound by a sister appellate court's decision). Section 61.052(1) authorizes a trial court to grant a judgment of dissolution of marriage when it is pleaded, and thereafter necessarily proved, that the marriage is irretrievably broken or after longstanding (more than three years) mental incapacity of one of the parties. In other words, the statute provides a spouse, who may not believe

---

[1] The language in both the 1993 and 2022 versions of section 61.052(1)(b) is the same.

6

the marriage to be irretrievably broken, the option to seek to dissolve the marriage by pleading and proving that their spouse has been adjudicated incapacitated for at least three years.

In my view, the plain language of section 61.052(1) does not preclude the maintenance of a dissolution of marriage action upon one of the parties being adjudicated mentally incapacitated during the course of the litigation, especially where, as here, Husband, before there was any suggestion in the record that he may be mentally incapacitated, answered Wife's petition and admitted that their marriage was irretrievably broken. At best, section 61.052(1)(b) would appear to preclude the entry of a final judgment dissolving the marriage if one of the spouses has been adjudicated incapacitated within three years. This case involves a fifty-four-year marriage, and both parties are elderly. Wife's ability to receive support from Husband, assuming she pleads and thereafter proves her need and his ability to pay, should not be placed on hold until 2026. Had Wife simply filed a petition for alimony unconnected with a dissolution of marriage under section 61.09, Florida Statutes, there is nothing in that statute that remotely suggests that such an action must be abated due to Husband's adjudicated incapacity.

7

Simply stated and consistent with the opinion, now that Husband has had guardians appointed, the stay imposed in the dissolution of marriage litigation should be immediately vacated, if the trial court has not already done so.