733 So.2d 1119 (1999)
Franz X. GREISEL, Sr., et al., Appellant,
v.
F. Browne GREGG and Consolidated, Etc., Appellee.
Nos. 98-95, 98-552.
District Court of Appeal of Florida, Fifth District.
June 4, 1999.
*1120 Paul B. Johnson of Paul B. Johnson, P.A., Tampa, Laura A. Olson, Tampa, and David M. Caldevilla of de la Parte, Gilbert & Bales, P.A., Tampa, for Appellants.
David T. Knight and Marie A. Borlandof Hill, Ward & Henderson, P.A., Tampa, for Appellees.
W. SHARP, Judge.
Franz Greisel, Sr., Franz Greisel, Jr., and Greisel-GmbH & Co. ("the Greisels") appeal from an order rendered by the trial court which denied their motions to vacate a final default judgment against them. The Greisels argue that the final judgment was void for lack of notice. We agree and thus reverse.
In 1987, Franz Greisel, Sr., a German citizen, came to Florida and entered into a joint venture with F. Browne Gregg. They intended to construct a plant to manufacture a building material known as "klimanorm." Because Greisel Sr. does not speak English, his son acted as interpreter. Greisel Jr. had an apartment in Florida for two to three years and received mail at a post office box in Orlando, Florida.
Disputes arose between the Greisels and Gregg and several lawsuits were filed in 1989 and 1990, in the Florida state courts and the federal courts. The Greisels were represented by the law firm of Lowndes, Drosdick, Doster, Kantor and Reed, P.A., in three suits, including the one involved in this appeal. In May of 1990, the law firm moved to withdraw as counsel for the Greisels in this case. The Greisels signed consents to the withdrawal and a copy of the motion to withdraw was sent to Greisel Sr. in Germany and to Greisel Jr., at his Orlando post office box.
On June 5, 1990, the trial court rendered an order granting counsel's motion to withdraw. The order contains the following provisions:
2. That all future correspondence and court documents be directed to Defendants, FRANZ X. GREISEL, SR., FRANZ X. GREISEL, JR., GREISEL-GmbH & CO., ... as follows:
Mr. Franz X. Greisel, Sr. c/o Mr. Franz X. Greisel, Jr. Post Office Box 690189 Orlando, FL XXXXX-XXXX
Greisel-GmbH & Co. Attn: Mr. Franz X. Greisel, Sr. c/o Mr. Franz X Greisel, Jr. Post Office Box 690189 Orlando, FL XXXXX-XXXX
Mr. Franz X. Greisel, Jr. Post Office Box 690189 Orlando, FL XXXXX-XXXX
* * *
until further notice.
The Greisels assert that Greisel Jr. returned to Germany on June 2, 1990 and *1121 never received mail at the Orlando post office box after that date, and that he did not have his mail forwarded from the Orlando post office box to Germany or elsewhere. In this lawsuit, various motions and notices were filed. Copies were sent to the post office box in Orlando. On September 11, 1990, the clerk entered a default against the Greisels in an amount close to fourteen million dollars. On October 23, 1990, the court rendered a final default judgment against the Greisels. The Greisels claim they did not receive copies of these judgments.
A few months later, Gregg filed an action in Germany to enforce the final judgment. Papers were left at the local post office in Germany, on March 5, 1991. A few days later, the Greisels learned about the default and final judgment which had been rendered against them in this lawsuit.
The parties attempted to resolve their differences, but without success. Gregg then filed actions in Germany to enforce the Florida judgment. Gregg was successful and the Greisels appealed.
In September 1997, Greisel Jr. file a motion in the Florida courts to vacate the default and final judgment. On October 15, 1997, Greisel Sr. and the company filed similar motions. The trial court denied the motions, finding that the judgment was not void and that the delay in filing the motions to vacate was "unconscionable."
The Greisels sought relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b). It provides:
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application.
Under this rule, a motion for relief from a final judgment on grounds numbered 1, 2, and 3, must be made no longer than one year after the judgment was rendered. However, a judgment alleged to be void may be attacked at any time because the judgment creates no binding obligation on the parties, is legally ineffective and is a nullity. Shields v. Flinn, 528 So.2d 967 (Fla. 3d DCA 1988); Chang v. Chang, 469 So.2d 829 (Fla. 5th DCA 1985); Space Coast Credit Union v. The First FA, 467 So.2d 737 (Fla. 5th DCA 1985); Whigham v. Whigham, 464 So.2d 674 (Fla. 5th DCA), rev. denied, 475 So.2d 696 (Fla.1985). See also DeClaire v. Yohanan, 453 So.2d 375 (Fla.1984) (no time limitation under rule 1.540(b) where the judgment is void).
A final judgment is void where the notice of hearing that resulted in the judgment was sent to an incorrect address and, as a result, the defendant failed to receive notice. See Polani v. Payne, 654 So.2d 202 (Fla. 4th DCA 1995); Pecille v. Broward Restaurant Equipment Exchange, Inc., 639 So.2d 997 (Fla. 4th DCA 1994); Watson v. Watson, 583 So.2d 410 (Fla. 4th DCA 1991).
Here, the order granting counsel's motion to withdraw contained an address for future correspondence. However, it is clear that it was not the "correct" address for the Greisels. The Greisels never agreed to this address and had no notice of the court's order; thus they could not challenge the address. The plaintiffs *1122 knew that the Greisels were residing in Germany because that is where the plaintiffs served them with a second amended complaint in accordance with provisions of the Hague Convention. The plaintiffs served their second amended complaint in Germany after the court's order directing correspondence to the Orlando post office box. When the court entered final judgment, the plaintiffs proceeded with enforcement proceedings against the Greisels again in Germany.
Under these circumstances, we cannot accept the Orlando post office box as the correct address for the Greisels. Since the judgment below was entered without notice to the Greisels, it is void. Accordingly, we reverse the trial court's order denying the Greisels' motions to vacate and remand this cause for further proceedings.
REVERSED and REMANDED.
HARRIS and ANTOON, JJ., concur.