PETERSON, J.
Julius G. Rinas appeals a June 12, 2002 order vacating a judgment dated August 18,1998. The 1998 judgment:
1. Entered a one-year injunction against him prohibiting domestic violence in protection of A.E.R., a minor; and
2. Awarded temporary custody, child support and alimony for the benefit of A.E.R.’s mother and sister.
The 1998 judgment was later modified to reduce alimony and to extend the injunction indefinitely upon a finding of indirect criminal contempt.
The father contends that while the original action for the domestic violence injunction was properly initiated by A.E.R.’s mother as “next friend,” or A.E.R.’s representative, because A.E.R. was a minor,[1] the action could not also incorporate a request for custody and child support as to A.E.R.’s sister, nor a request for alimony. Stated differently, A.E.R., the real party in interest could request the domestic violence injunction, but she could not initiate an action on behalf of her sister and mother for custody, child support and alimony. Neither the mother nor the sister were parties to the action in their individual capacities. The father also contends that the judgment awarding custody, child support and alimony was void ab initio because the court lacked jurisdiction to make those awards. We agree.
A.E.R. could not invoke the court’s jurisdiction as a representative of her sister or mother to seek custody, child support or alimony. Although A.E.R.’s mother brought the action as “next friend” of A.E.R, neither the mother or sister were parties to the action. The mother was a party to the action only in her representative capacity for A.E.R., a minor, who was seeking an injunction pursuant to section 741.30, Florida Statutes (1997). That statute does not authorize awards of custody, child support or alimony in the absence of a proceeding for dissolution of marriage.
The trial court recognized that the 1998 judgment exceeded its jurisdiction and vacated it as to the mother and sister as of June 12, 2002.[2] The rationale used to vacate as of that date rather than vacating it ab initio was the lack of a timely appeal by the father within 30 days of the previous orders.
The trial court, while correctly finding it lacked jurisdiction to award any *557 relief on behalf of the Petitioner’s next Mend” (AE.R.’s mother) or Petitioner’s sister, erred in applying the 30 day time limitation period for filing an appeal. Judgments which are void at the outset, may on motion at any time be vacated. See Fla.R.Civ.P. 1.540(b). This court in Greisel v. Gregg, 733 So.2d 1119, 1121 (Fla. 5th DCA 1999), found that “a judgment alleged to be void may be attacked at any time because the [void] judgment creates no binding obligations on the parties (and) is legally ineffective and is a nullity.” In Greisel, seven years had passed since the entry of a judgment, yet the debtor there was not barred from seeking relief because the final judgment was void. In Whigham v. Whigham, 464 So.2d 674 (Fla. 5th DCA 1985), this court in a dissolution of marriage action found that a seven year delay in the filing for relief alleged to have been granted in the absence of the court having subject matter jurisdiction to distribute marital property was void at its rendition. This court reversed the trial court’s decision with instruction to the trial court to partially vacate the final judgment in Whigham. Therefore, when a final judgment is void from the outset, the requirement to file an appeal within 30 days of the rendition of the final judgment does not apply.
The father’s motion to vacate the void judgment ab initio should have been granted. The earlier order was void when entered because A.E.R. lacked standing to act on behalf of her mother or sister and the trial court never acquired jurisdiction.
We partially vacate the June 27, 2002 order vacating the earlier orders regarding custody, support and alimony as of June 12, 2002 and remand for an order vacating them ab initio. We affirm that portion of the order dissolving the injunction for protection against domestic violence.
AFFIRMED in part; REVERSED and VACATED in part; REMANDED.
PALMER and TORPY, JJ., concur.

. See, e.g., Kingsley v. Kingsley, 623 So.2d 780 (Fla. 5th DCA 1993); H.K., a child by and through her next friend, Bruce H. Colton v. Vocelle, 667 So.2d 892 (Fla. 4th DCA 1996).

. We note that A.E.R. will continue to receive child support and the mother and sister have initiated proceedings of which they are parties in order to seek alimony and child support.