965 So.2d 325 (2007)
SEAY OUTDOOR ADVERTISING, INC., Appellant,
v.
Claude Mark LOCKLIN, Appellee.
No. 1D07-2187.
District Court of Appeal of Florida, First District.
September 21, 2007.
*326 Frank A. Baker, Marianna, for Appellant.
Dan Stewart, Pace, for Appellee.
POLSTON, J.
Appellant Seay Outdoor Advertising, Inc. argues that the trial court committed reversible error by granting appellee Claude Mark Locklin's motion, filed pursuant to Florida Rule of Civil Procedure 1.540(b), to vacate the default final judgment entered against him. The trial court entered the default final judgment by granting Seay's motion to impose sanctions against Locklin for completely failing to respond to discovery, and by striking Locklin's pleadings. We reverse because Locklin failed to demonstrate due diligence in seeking to vacate the final judgment entered against him.

I. BACKGROUND
The underlying case on the merits is an action for breach of contract originally filed in 2000 by Seay against Locklin (Case No. 00-1-56-CA), and then consolidated with an action filed by Locklin's corporation, Skyline Outdoor Communications, Inc., against Seay's principal, Jim Harkins (Case No. 01-1272-CA).
Locklin was originally represented in this action by attorney Charles P. Hoskin. On March 19, 2003, the trial court granted Mr. Hoskin leave to withdraw, on his motion indicating that he had been unable to contact Locklin for several months and was therefore unable to proceed further in the case. In the Order Permitting Withdrawal of Attorney, Locklin and Skyline were afforded 30 days within which to retain substitute counsel, after which time all pleadings were to be served on Locklin and Skyline at Locklin's address, 5664 Dupree Road, Milton, FL, 32570. Locklin and Skyline did not retain substitute counsel, as directed by the trial court, at any time prior to entry of judgment.
In 2001, Seay served interrogatories and a request to produce documents on Locklin, but no response was made. Seay served a motion to compel discovery and notice of hearing on June 28, 2005 (about 12 days prior to the landfall of Hurricane Dennis). That motion was sent to Locklin at 5664 Dupree Road, Milton, FL, 32570, in accordance with the Order Permitting Withdrawal of Counsel. The regular mail service of the motion and notice were not returned as undelivered to Seay's counsel. Locklin did not respond to the motion and, as a result, the trial court entered an order compelling discovery on August 22, 2005. That order was also served on Locklin at his record address, 5664 Dupree Road. The order stated in relevant part:
1. The defendant LOCKLIN is hereby ordered and directed to furnish full and complete response to the interrogatories served June 5, 2001, said responses to be received by plaintiff's counsel on or before September 12, 2005. In the event that the defendant LOCKLIN shall fail to fully comply with the provisions of this order, this Court may, upon due motion, notice and hearing, impose further sanctions, including, but not limited to, the striking of defendant's pleadings and the entry of default judgment against defendant.

(Emphasis added).
When Locklin did not respond to the Order On Plaintiff's Motion To Compel Discovery, Seay then served its Motion To Impose Sanctions And Notice Of Hearing on September 14, 2005, at Locklin's address of record, 5664 Dupree Road. At the hearing on that motion, Locklin did not appear and, based on the matters presented, the trial court imposed sanctions, including striking Locklin's pleadings and *327 entering default judgment as warned in its earlier order. The Final Judgment, dated and filed October 24, 2005, was sent to Locklin at the same address, 5664 Dupree Road.
More than 10 weeks later, on January 10, 2006, Locklin filed a motion to vacate the final judgment under Fla. R. Civ. P. 1.540(b). In that motion, Locklin asserted that the judgment should be set aside because of excusable neglect and, alternatively, that the judgment was void.
At the hearing on Locklin's motion for relief, before a different trial judge, Locklin testified that his home at 5664 Dupree Road was damaged by Hurricane Dennis (which hit the western Panhandle on July 10, 2005) and that, as a result of that damage, he moved to a rental property on Mayberry Lane in Milton, 20 miles away. Because of this change of address, Locklin stated, under oath, that he did not receive any of the documents listed in paragraph 6 of his motion for relief. Among the documents listed in Locklin's paragraph 6 is Seay's initial motion to compel discovery served June 28, 2005, about 12 days before Hurricane Dennis' landfall. Locklin offered no explanation as to why he didn't get Seay's initial discovery motion and notice of hearing, which were directed to 5664 Dupree Road, at a time when Locklin was still living there. In any case, Locklin's testimony and position at the hearing was that he did not receive notice of any of the matters under discussion.
On cross-examination, Locklin acknowledged that he did receive a copy of the final judgment rendered in October 2005, which was sent to Locklin at 5664 Dupree Road. Locklin also admitted actual knowledge of the withdrawal of his prior attorney (Mr. Hoskin) and that he had received a copy of the March 2003 Order Permitting Withdrawal at his 5664 Dupree residence. Although the Order Permitting Withdrawal gave Locklin 30 days to retain substitute counsel, Locklin did not do so. In addition, although Locklin was aware that the Order Permitting Withdrawal listed 5664 Dupree Road as the address for service of pleadings, Locklin did not at any time file a change of address with the trial court.
At the hearing, Seay asserted that, where a movant fails to comply with an order to obtain substitute counsel, fails to provide a proper address other than the address of record in the case, and fails to pursue its own claim for an extended period of time, then the movant may not rely upon "excusable neglect". Moreover, Seay argued that Locklin's delay in filing his motion for relief (10 weeks) demonstrated a lack of due diligence.
In its Amended Order, the trial court notes that the Order Permitting Withdrawal dated March 2003 allows for service of pleadings at 5664 Dupree and that it was this address that sustained damage. The trial court held:
Defendant requests the Court to set aside the order imposing sanctions and default final judgment on two separate grounds: (1) mistakes, inadvertence, or excusable neglect, and (2) that the judgment is void. A motion to vacate judgment must be filed within one year if based on mistake or excusable neglect and within a reasonable time if the judgment is asserted to be void. In the instant case the motion to vacate was filed within ten (10) weeks. Florida's long standing public policy favors adjudication of lawsuits on the merits. Reasonable doubt as to this question is resolved in favor of allowing a trial upon the merits. The file reflects that the defendant filed an answer and affirmative defenses to plaintiff's complaint. The Court is persuaded that notices were sent and has doubts as whether *328 the defendant received the notices. Accordingly, the court will allow this case to be resolved on the merits based on excusable neglect.
(Emphasis in original).
Seay's notice of appeal from the original trial court order dated April 5, 2007, and from the Amended Order rendered April 9, 2007, was timely filed on April 18, 2007.

II. DUE DILIGENCE
Locklin's 1.540(b)(1) motion to vacate the final judgment because of "mistake, inadvertence, surprise, or excusable neglect" should be granted "on a showing of excusable neglect, due diligence in pursuing relief, and the assertion of a meritorious defense." See Rice v. James, 740 So.2d 7 (Fla. 1st DCA 1999) (emphasis added).
We hold that Locklin failed to demonstrate due diligence. See Hepburn v. All Am. Gen. Constr. Corp., 954 So.2d 1250 (Fla. 4th DCA 2007) (holding that setting aside a default judgment was reversible error because a four-month delay between the time All American found out about the default judgment and the motion to vacate was not an exercise of due diligence that precluded the granting of a motion to vacate); Masot v. Hoteles Doral, C.A., 645 So.2d 184, 185 (Fla. 3d DCA 1994) (reversing the order vacating the final summary judgment, holding that Hoteles did not make a sufficient showing of mistake, inadvertence, surprise, or excusable neglect because it failed to obey a court's order to secure new counsel, to provide a sufficient current address, and to diligently participate in the case); John Crescent, Inc. v. Schwartz, 382 So.2d 383, 385-86 (Fla. 4th DCA 1980) (stating that "[t]he law requires certain diligence of those subject to it, and this diligence cannot be lightly excused;" holding that the failure of a spouse to understand and act upon service of process was not excusable neglect).
Locklin testified that he received the final judgment but gave no reason for the ten-week delay in filing his motion to vacate, and this issue was not addressed by the trial court. In Lazcar Int'l, Inc. v. Caraballo, 957 So.2d 1191 (Fla. 3d DCA 2007) (reversing order granting a motion to vacate a final default judgment with directions to reinstate the judgment), the court held that Caraballo failed to present any evidence to explain her six-week delay in filing a motion to vacate after learning of the default judgment. Id. at 1192. The court ruled:
Absent competent substantial evidence of some exceptional circumstance explaining the delay, Westinghouse Credit Corp., 356 So.2d at 1330, a six-week delay in filing a motion to vacate a default after receiving notice constitutes a lack of due diligence as a matter of law. See, e.g., Trinka v. Struna, 913 So.2d 626, 628 (Fla. 4th DCA 2005)(finding "[t]hat defendant's attorney ignored his duty to act with all due diligence" where "more than a month passed between the discovery of the default and the entry of the final judgment without any attempt to vacate the default"); Fischer v. Barnett Bank of S. Fla., N.A., 511 So.2d 1087, 1088 (Fla. 3d DCA 1987)(finding a "five week delay by the defendants [in filing motion to vacate] entirely inexcusable"); Bayview Tower Condo. Ass'n v. Schweizer, 475 So.2d 982, 983 (Fla. 3d DCA 1985)(finding a delay of one month "showed a lack of due diligence in seeking relief after learning of the default and was fatal to the subject motion to vacate filed below"); see also Allstate Floridian Ins. Co. v. Ronco Inventions, LLC, 890 So.2d 300, 304 (Fla. 2d DCA 2004)(concluding "that the seven-week delay here was unreasonable"). Of course, here, there *329 is no competent evidence of any circumstance, exceptional or not, explaining the delay. However, even if the unsworn argument of defense counsel at the hearing on the motion to vacate is considered, the order under review still fails. We find nothing said by defense counsel to be graspable by Caraballo as an "exceptional circumstance" to explain the delay.
Id. at 1193. Because no reason for the ten-week delay was given, no due diligence was shown.

III. VOID
Locklin also makes a tipsy coachman argument that the trial court should have vacated the final judgment under Florida Rule of Civil Procedure 1.540(b)(4) (permitting the trial court to grant relief from a final judgment if the party seeking relief can demonstrate "that the judgment or decree is void"). Locklin has asserted two reasons that the judgment was void: (i) he did not receive notice of the hearing that resulted in the judgment, citing Greisel v. Gregg, 733 So.2d 1119 (Fla. 5th DCA 1999), and (ii) section 607.1622(8), Florida Statutes, prohibits a corporation that fails to file an annual report to maintain or defend any action until all fees and taxes due are paid.
First, we reject Locklin's argument that he did not receive notice of the hearing which resulted in the judgment. In Greisel, cited in support for his position, the court ruled that, "[a] final judgment is void where the notice of hearing that resulted in the judgment was sent to an incorrect address and, as a result, the defendant failed to receive notice." 733 So.2d at 1121 (emphasis in original). Nonetheless, Greisel is distinguishable from the instant case.
In this case, the undisputed facts show appellant sent all pleadings, including the notice of hearing, to appellee at his last known address, 5664 Dupree Road, as ordered by the trial court. Between the entry of the Order Permitting Withdrawal Of Counsel on March 20, 2003, and the filing of his motion for relief from the judgment on January 10, 2006, Locklin did not retain substitute counsel (as directed by the trial court), did not file or serve any notice of change of address, and took no action to advance the cause, either in the defense of Seay's case against him or his consolidated case, in which his company Skyline was the claimant. It was Locklin's obligation to notify the court if he moved from that address. Accordingly, Seay did not send notice to an incorrect address, as in Greisel, and the final judgment is not void for lack of notice.
Second, we agree with the trial court's rejection of Locklin's statutory argument relating to the administrative dissolution of Seay. The trial court's order stated:
The Court has reviewed Florida Statutes 607.1421 and 607.1622 and the case law. The Court concludes that an administratively dissolved corporation may maintain and defend a claim that accrued prior to administrative dissolution. Accordingly, plaintiff may maintain and defend this action.
Section 607.1421(3), Florida Statutes, states that administratively dissolved corporations cannot carry on business, but it may wind up and liquidate its business and affairs. See also section 607.1405(2)(e), Florida Statutes (stating that the "[d]issolution of a corporation does not . . . [p]revent commencement of a proceeding by or against the corporation in its corporate name").[1]
*330 Construing the statutes together, the Second District, in PBF of Fort Myers, Inc. v. D & K P'ship, 890 So.2d 384 (Fla. 2d DCA 2004) (reversing the trial court's order dismissing the corporation's counterclaim), held that an administratively dissolved corporation could continue a cause of action if the action was initiated before the corporation's dissolution. The court noted, "if a corporation was administratively dissolved for failing to file its annual report, arguably `section 607.1622(8) would preclude an administratively dissolved corporation's suit on a cause of action accruing after its dissolution.'" Id. at 386 (citing Levine v. Levine, 734 So.2d 1191, 1197 (Fla. 2d DCA 1999)) (emphasis added). But the court noted that the corporation filed its counterclaim two years before its administrative dissolution. Id. at 385. Accordingly, the court noted, "[o]ur statement in Levine supports reversal here because the cause of action accrued before the dissolution of the corporation." Id. at 386.
Similarly, in the instant case, Seay filed its breach of contract action against Locklin before it was administratively dissolved. The complaint was filed in October 2000, and Seay was administratively dissolved in September 2003, approximately three years later. Because Seay's cause of action against Locklin was filed before its administrative dissolution, the cause of action may continue after the dissolution, as ruled by the trial court. Therefore, the default final judgment is not void because of Seay's administrative dissolution.

Conclusion
Because Locklin failed to demonstrate due diligence in seeking to vacate the final judgment entered against him, we reverse with directions for the trial court to reinstate the judgment.
REVERSED and REMANDED with directions.
WOLF and PADOVANO, JJ., concur.
NOTES
[1] We need not address the applicable year of statutes because no change has occurred in them during the relevant time frames in this case.