ORDER ON MOTION FOR RECONSIDERATION OF ORDER OF DISMISSAL
ALTENBERND, Judge.
Susann E. Nogales has filed a motion for reconsideration of this court’s order dismissing her appeal as untimely. We grant the motion for reconsideration, but only to explain why this court properly dismissed her appeal. Ms. Nogales claims that the orders she is appealing are “void” and believes that this circumstance eliminates the need to file a notice of appeal within thirty days. We disagree. As a general rule, our power to conduct an appellate review by direct appeal in a civil case is dependent upon the appellant filing a notice of appeal within thirty days from the rendition of the challenged order. Fla. R. App. P. 9.110(b). The failure to file such an appeal does not prevent the aggrieved *1162 party from seeking collateral relief from an order that is void ab initio by an authorized motion in an authorized court.
Our record is quite limited, but Ms. Nogales is a defendant in a foreclosure action filed by BAC Home Loans, LP, in the circuit court in Lee County, Florida. In that action, the trial court rendered a final judgment of mortgage foreclosure on September 22, 2010. On December 8, 2011, the court entered an order denying a motion to vacate the final judgment and denying a request to stay a foreclosure sale. On January 25, 2012, the court entered an order directing the clerk of court to issue a writ of possession concerning the property involved in the foreclosure. Finally, the trial court entered an order on April 3, 2012, denying a “motion of demand for decision on verified motion to vacate the unlawful order issued in chambers on December 8, 2011.”
On May 11, 2012, Ms. Nogales filed a notice of appeal attempting to appeal each of the above-described orders. In the notice of appeal, Ms. Nogales describes each order as a “void” order. This court preliminarily treated the appeal as an appeal of an order entered on an authorized and timely motion for relief from judgment pursuant to Florida Rule of Appellate Procedure 9.130(a)(5) and asked Ms. Nogales to show cause why the appeal should not be dismissed as untimely.
In her response to our order to show cause, Ms. Nogales does not suggest that the appeal was filed within thirty days of the rendition of any order, as required by rule 9.110(b).[1] Instead, she argues that the time limitations within the rules do not apply to “void” orders and that she is free to appeal any of these orders at any time.
We first note that Ms. Nogales does not explain why any of these orders are “void.” The action appears to be a foreclosure on property in Lee County for which the circuit court in Lee County should have subject matter jurisdiction. Likewise, nothing suggests that the circuit court did not have in rem jurisdiction over the property. If there is some defect in jurisdiction over the person of Ms. Nogales that might conceivably render an order “void” or at least “voidable,” that defect has not been described to us. However, for purposes of this reconsideration, we assume that there is some argument by which one or more of these orders could be “void.”
To support her argument that these orders can be appealed at any time, Ms. Nogales relies primarily on the Fifth District’s decision in Rinas v. Rinas, 847 So.2d 555 (Fla. 5th DCA 2003). Admittedly, that case contains a sentence in dicta that states: “Therefore, when a final judgment is void from the outset, the requirement to file an appeal within 30 days of the rendition of the final judgment does not apply.” Id. at 557.
The above-quoted sentence, however, must be read in context. The Fifth District was reviewing an order partially vacating a judgment. The judgment had been entered in 1998. It was not vacated until 2002. The order partially vacating the judgment was appealed within thirty days of its rendition.
The order rendered in 1998 was an injunction against domestic violence to protect a minor, A.E.R., from her father, Julius G. Rinas. The petition to protect *1163 A.E.R. had been filed by A.E.R.’s mother, Vicki L. Rinas. Somehow, the trial court that granted the injunction for protection against domestic violence in 1998 included within the injunction a determination in favor of the mother as to both custody and child support for another child, A.E.R.’s sister. The “injunction” also awarded Ms. Rinas alimony. Given that the proceeding in 1998 was not a dissolution proceeding, the trial court simply had no power to make these additional decisions.
When Mr. Rinas challenged the 1998 injunction in 2002, the trial court granted him relief, effective on June 12, 2002. In other words, the trial court refused to vacate the award of child support and alimony for the period between 1998 and June 2002. It reasoned that it could not vacate the earlier order for that period because Mr. Rinas had not appealed that order within thirty days.
In the timely appeal of the order partially vacating the injunction, the Fifth District reversed the trial court as to the award of child support and alimony between 1998 and June 2002. It properly reasoned that the earlier order had been “void ab initio.” As a result, it had never been a legal order requiring the payments. The above-quoted sentence was merely explaining that the failure of a party to commence a timely appeal does not prevent that party from subsequently seeking appropriate relief from an order that has always been truly void ab initio.
Unfortunately for Ms. Nogales, a late-filed appeal is not the appropriate procedure to seek relief from such a void order. We express no opinion on whether Ms. Nogales has any remedy available for her in this context or what that remedy might be. We simply hold that this appeal has been filed untimely and that the time to file the appeal is not extended even if the rendered order is actually void ab ini-tio.
The motion for reconsideration is granted, but the appeal remains dismissed.
NORTHCUTT and DAVIS, JJ., Concur.

. She also argued that she should get the benefit of a five-day mailing period. Such a period would not help her in this case because her appeal was filed more than thirty-five days after the rendition of the last order. Moreover, the additional time allowed after service of a document by mail does not apply to the filing of a notice of appeal, which is measured from the date of rendition. See Fla. R. App. P. 9.420(e), 9.110(b).