# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-2132
Lower Tribunal No. 2022-DR-004675-O

_____

ALESSANDRA DE MENEZES TRIGUEIRO,

Appellant,

v.

RODRIGO CESAR GALDINO DE OLIVEIRA,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Elizabeth Gibson, Judge.

February 13, 2026

PRATT, J.

This appeal involves a dissolution of marriage proceeding between Appellant Alessandra de Menezes Trigueiro and her former husband Appellee Rodrigo Cesar Galdino de Oliveira. We write solely to explain why we affirm the trial court's order denying Appellant's amended verified motion for rehearing and for new trial.[1]

---

[1] We dismiss for lack of jurisdiction all other issues raised by Appellant without further discussion, including her challenges to the trial court's order granting Appellee's motion to strike Appellant's counterpetition for dissolution of marriage with dependent minor child and the trial court's final judgment of dissolution of marriage.

## I

Appellant and Appellee were married as husband and wife in 2014. In 2016, they had a child. On April 25, 2022, Appellee filed a petition for dissolution of marriage and related relief against Appellant in the trial court. Attached to the petition was a standing administrative order that prohibited either party from allowing the minor child to travel outside the United States without the written agreement of the parties or a trial court order.

On March 10, 2023, without first obtaining the written agreement of the parties or a trial court order, Appellant took the parties' then seven-year-old minor child from the State of Florida (and from the United States) to her home country of Brazil. Appellant and the minor child flew by airplane from Florida to Brazil via roundtrip prepaid tickets; Appellant received credit for the value of the return flight when she and the minor child failed to return from Brazil to Florida on March 20, 2023, as scheduled. On April 4, 2023, following a hearing at which Appellant and Appellee were present, the trial court entered a pick-up order which ordered the immediate return of the parties' minor child to Florida. Notwithstanding the trial court's pick-up order, ever since March 10, 2023, Appellant has failed to return the parties' now nine-year-old minor child to Florida. To this day, the parties' child remains in Brazil, separated from Appellee.

Appellant—a licensed attorney in Brazil—was represented by counsel for part of the proceedings before the trial court. At other points, she opted to proceed pro se.

During the proceedings below, the trial court held a pretrial conference. Although Appellant was timely served with notice of the pretrial conference, she failed to appear. At the pretrial conference, Appellee made an ore tenus motion in limine to strike Appellant's counterpetition for dissolution of marriage with dependent minor child (which the trial court granted) and later filed a written motion to strike. On February 23, 2024, the trial court entered a written order granting Appellee's written motion to strike Appellant's counterpetition.

On March 25, 2024, the trial court held a trial on Appellee's petition. Although Appellant was timely served with notice of the trial, she failed to appear. Accordingly, the trial court proceeded with taking testimony and evidence from Appellee. Later that day, the trial court entered a final judgment of dissolution of marriage. Within the final judgment, the trial court made findings (including regarding the best interests of the parties' child pursuant to section 61.13(3), Florida Statutes), ordered entry of a parenting plan, distributed the parties' marital assets, and ordered child support.[2]

---

[2] Among other things, the trial court found that Appellant and Appellee both love and care for their minor child and wish to be involved in the child's everyday life.

On April 9, 2024, Appellant filed a verified motion for rehearing and for new trial through her counsel, and on April 10, 2024, Appellant filed an amended verified motion for rehearing and for new trial through her counsel. The amended verified motion requested that the final judgment be set aside because Appellant did not appear at the trial held on March 25, 2024, due to excusable neglect. On July 29, 2024, the trial court held a hearing on the amended verified motion for rehearing and for new trial at which Appellant (and her counsel) and Appellee (and his counsel) attended in person. During the course of the proceeding, the trial court heard the testimony of Appellant. On August 26, 2024, the trial court entered an order denying Appellant's amended verified motion for rehearing and for new trial. Within the order, the trial court made credibility determinations and other findings.

On September 24, 2024, Appellant filed her notice of appeal.

II

The trial court treated Appellant's amended verified motion for rehearing and for new trial due to excusable neglect as a motion for relief from judgment under Florida Family Law Rule of Procedure 12.540(b)(1), and Appellant has not challenged such treatment on appeal. *See generally* Fla. Fam. L. R. P. 12.540(b)(1) ("On motion and on such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons . . . mistake, inadvertence, surprise, or excusable neglect."); *Spencer v.*

4

*Deutsche Bank Nat'l Tr. Co., as Tr. of Vendee Mortg. Tr., 1994-1*, 283 So. 3d 1284, 1285 (Fla. 1st DCA 2019) ("[T]he true nature of a motion must be determined by its content and not by the label the moving party has used to describe it." (citation omitted)). We review the trial court's order denying Appellant's motion for relief from judgment for abuse of discretion. *See Gjokhila v. Seymour*, 349 So. 3d 496, 499 & n.2 (Fla. 1st DCA 2022) ("The standard of review for an order denying a motion for relief from judgment under Florida Rule of Civil Procedure 1.540(b) is whether there has been an abuse of discretion. Florida Rule of Civil Procedure 1.540(b)(1) and Florida Family Law Rule of Procedure 12.540(b)(1) use the same material language . . . . As such, motions filed under rule 12.540(b) are governed by the body of law applicable to rule 1.540(b)." (citations and internal quotation marks omitted)).

As the party seeking relief pursuant to rule 12.540(b)(1), Appellant was required to demonstrate: (1) "excusable neglect," (2) "due diligence in pursuing relief," and (3) "the assertion of a meritorious defense." *Seay Outdoor Advert., Inc. v. Locklin*, 965 So. 2d 325, 328 (Fla. 1st DCA 2007) (citation and emphasis omitted). However, no abuse of discretion has been shown on this record because competent substantial evidence supports the trial court's determination that Appellant failed to show excusable neglect. *See generally Gordon v. State*, 350 So. 3d 25, 35 (Fla. 2022) ("Evidence is competent if it is sufficiently relevant and material; evidence is

substantial if there is enough that a reasonable mind would accept the evidence as adequate to support a conclusion." (citation, brackets, and internal quotation marks omitted)); *Cruz v. State*, 320 So. 3d 695, 712 (Fla. 2021) ("As long as the trial court's findings are supported by competent substantial evidence, [a reviewing court] will not substitute its judgment for that of the trial court on questions of fact, likewise of the credibility of the witnesses as well as the weight to be given to the evidence by the trial court." (citation and brackets omitted)).

The trial court heard Appellant's testimony at the hearing held on her amended verified motion for rehearing and for new trial. Within the order denying Appellant's motion, the trial court made credibility determinations that were adverse to Appellant and relevant to her assertion of excusable neglect. On appeal, Appellant has presented no legal or factual justification for this court to disturb the trial court's credibility determinations. *See, e.g.*, *Fla. Bar v. Mirabal*, 390 So. 3d 1172, 1182 (Fla. 2024) (no argument offered as to why a reviewing court "should not defer" to a factfinder's assessment of credibility on a specific issue); *Bender v. State*, 359 So. 3d 429, 433 (Fla. 5th DCA 2023) ("Absent unusual conditions and occurrences, an appellate court will ordinarily defer to the credibility determinations of the trial court." (citation and brackets omitted)). In any event, the trial court's credibility determinations are supported by competent substantial evidence in the record. *See Sheppard v. State*, 338 So. 3d 803, 818 (Fla. 2022) ("Credibility determinations are

6

the province of the trial court and will not be disturbed so long as they are supported by competent, substantial evidence, as they are in this case.").

Moreover, within the order denying Appellant's motion, the trial court found that Appellant "fail[ed] to demonstrate that her failure to appear at the March 25, 2024 trial was due to excusable neglect rather than willful conduct," that she "was unable to provide credible evidence to support a finding that excusable neglect exists to justify her failure to comply with court procedures," that "her conduct [was] willful and flagrant," and that she "voluntarily absented herself from Florida, with the minor child, and intentionally chose not to participate in the litigation." These factual findings are also supported by competent substantial evidence in the record. *See, e.g.*, *Bock v. Scheff*, 991 So. 2d 1043, 1044 (Fla. 4th DCA 2008) (competent substantial evidence in the record supported findings contained in a trial court's order denying a motion to vacate a judgment on the basis of excusable neglect).

## III

For the foregoing reasons, we hold that the trial court did not abuse its discretion when it denied Appellant's amended verified motion for rehearing and for new trial.

AFFIRMED.

STARGEL and WOZNIAK, JJ., concur.

7

Dayna Maeder, of the Law Offices of Dayna Maeder, LLC, Orlando, for Appellant.

Carol B. Shannin and Nicholas A. Shannin, of Shannin Law Firm, P.A., Orlando, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED