756 So.2d 164 (2000)
Michele L. WEBBER, Appellant,
v.
Carlos NOVELLI, Appellee.
No. 4D99-1884.
District Court of Appeal of Florida, Fourth District.
March 22, 2000.
Steven R. Brenners, Coral Springs, for appellant.
Stephen H. Butter, Aventura, for appellee.
*165 KLEIN, J.
The trial court, on appellee father's petition for modification, changed custody following a trial at which appellant mother failed to appear. A few days later the mother, who had notice of the trial, moved to set aside the judgment or in the alternative to grant a new trial. The trial court allowed the appellant to present her evidence on the issue of custody, but ruled that she would have the burden of proof to show that the judgment should not have been entered. The trial court adhered to its original ruling and she appeals. We affirm.
In 1996, the parties entered into an agreement under which the mother was the primary residential custodian of the parties' three-year-old son. The agreement also allowed the mother and son to move to New Hampshire. In 1997 the father filed a petition for modification. The trial on modification was set for the week of July 30, 1998, but the mother failed to appear, and the court, after hearing testimony, entered a judgment granting the father's petition. A few days after entry of the judgment, the mother filed a sworn motion to set the judgment aside, alleging she "was unable to appear," and that the father had told her that if she was unable to make the hearing he would reschedule it.
The court entered an order on her motion which stated:
This Court previously entered an order based upon a trial that was conducted on July 30, 1998. At that time, the Respondent appeared and offered testimony, but the Petitioner did not appear. As part of the results of that trial, custody of the parties' minor child was granted to the father and the mother has now petitioned to set aside that Final Judgment, to continue primary custody with herself and to stay any other aspect of that Final Judgment.
This Court has always been of the opinion that the custody of a child should never be determined on a default basis. In other words, when we are dealing with the question of custody, this Court must have information from all sides in order to render an ultimate decision that will truly be in the best interest of the child. This can never be done if matters are conducted on a default basis with only one side presenting testimony.
By the same token, this case was appropriately noticed for trial and this Court has serious misgivings regarding the Petitioner's lack of participation in the trial.
The court left the final judgment in place and ordered the child delivered to the father for primary custodial care, but scheduled an evidentiary hearing to hear additional evidence from both sides. Prior to that hearing, the mother moved the court to determine who had the burden of proof and the court entered an order stating that she would have the burden of proof to show that the judgment previously entered should not have been entered. After holding the evidentiary hearing, the court denied the motion to vacate and left primary residential custody with the father. The mother appeals, arguing that the trial court erred in placing the burden of proof on her, because the burden is on the non-custodial parent to show a "substantial and material change in circumstances." Bartolotta v. Bartolotta, 687 So.2d 1385, 1386 (Fla. 4th DCA 1997).
We cannot agree with the mother under the specific facts in this case. The trial court put the burden on the mother only to demonstrate that the judgment should be vacated because of her failure to attend and, after hearing her explanation, the court denied her motion. Nevertheless, because the trial court was aware that both parents should have the opportunity to put on evidence in child custody cases, regardless of how they conduct themselves, Andrews v. Andrews, 624 So.2d 391 (Fla. 2d DCA 1993), the court allowed her to present evidence. The court did not, *166 therefore, err in regard to the burden of proof, which is the only issue raised.[1] Affirmed.
FARMER and STEVENSON, JJ., concur.
NOTES
[1] The mother is not contesting the sufficiency of the evidence at the first hearing to support the judgment changing custody. She has not furnished us with a transcript of that hearing. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1980)(appellate courts must affirm where record furnished by appellant is inadequate to demonstrate reversible error).