812 So.2d 512 (2002)
Janet L. ARMSTRONG, f/k/a Janet L. Thomas, Appellant,
v.
Peter S. PANZARINO, Appellee.
Nos. 4D01-1744, 4D01-2908.
District Court of Appeal of Florida, Fourth District.
March 20, 2002.
*513 Ralph Mabie, Jr. of The Law Office of Mabie and Mabie, West Palm Beach, for appellant.
Martin H. Colin of Law Offices of Martin H. Colin, Lake Worth, for appellee.
STONE, J.
We reverse an order denying relief from a judgment establishing paternity in Peter Panzarino and appointing him the primary residential parent of the parties' four-year-old child. The judgment is founded on an evidentiary hearing that Thomas, the mother, did not attend. Notwithstanding record support for the trial court's conclusion that Thomas had willfully failed to appear at the hearing, we deem the decision denying Thomas' motion for relief from judgment an abuse of discretion.
There is a lengthy history of litigation between the parties involving visitation disputes prior to this action. Thomas had relocated with the child to Delaware. Panzarino had previously sought to have the child returned to Florida, which the trial court had denied, recognizing that Thomas moved out of state to pursue a better job opportunity.
In this action, Panzarino petitioned to establish paternity, fix support, and establish shared responsibility and visitation. After being served with the petition, Thomas failed to respond and a default was entered by the clerk. Thomas did not attend the final hearing. The court was greatly influenced by Thomas' absence which, in its view, was further proof of her lack of willingness to cooperate with Panzarino. The trial court concluded that Thomas' actions would ultimately damage the child's ability to develop a meaningful relationship with his father.
Following entry of the judgment, Thomas requested an emergency hearing for reconsideration. In doing so, Thomas revealed that she was in her fifth month of pregnancy and had recently been hospitalized for physical ailments which prevented her from traveling from Delaware to Florida for the hearing. Her motion was denied.
Thomas then moved for relief from judgment under rule 1.540, Florida Rules of Civil Procedure. The court held an evidentiary hearing on her motion and Thomas submitted depositions of her doctor and an employee of Mailboxes, Etc. who had mistakenly faxed a note, intended for the court, to the wrong location. When asked why she did not simply call the court, as she had done on previous occasions, Thomas stated that she had been hospitalized for two days and was only released the day before the hearing. Having been placed on bed rest, Thomas had slept throughout the day after instructing her mother to call the court for her and assumed the court had been apprised of her weakened condition. However, Thomas admitted she had driven ten miles to a friend's home the next day, despite her doctor's warning that she not travel, thereby evading local officials who would come to take the child pursuant to the trial court's order.
*514 The court found that Thomas' absence at the hearing had not simply been a mistake, but was, instead, a willful attempt to manipulate the court, as Thomas had previously demonstrated that she "knew how to contact the court."
We hold it was an abuse of discretion for the court to make its ruling without considering the best interests of the child.
Generally, a decision to deny relief from a default judgment lies within the discretion of the trial court. Longo v. Longo, 576 So.2d 402, 403 (Fla. 2d DCA 1991); Leinberger v. Leinberger, 455 So.2d 1140, 1141 (Fla. 2d DCA 1984); Duckworth v. Duckworth, 414 So.2d 562, 563 (Fla. 3d DCA 1982). Under most circumstances, a party seeking relief from a default judgment must demonstrate excusable neglect, a meritorious defense, and that the party acted with due diligence. Andrade v. Andrade, 720 So.2d 551, 552 (Fla. 4th DCA 1998); Burke v. Reyes, 687 So.2d 929, 929 (Fla. 3d DCA 1997).
We have recognized, however, that the "best interest of the child" standard precludes a determination of child custody based on a parent's default. See Seibert v. Seibert, 436 So.2d 1104, 1105 (Fla. 4th DCA 1983). See also Begens v. Begens, 617 So.2d 360, 361 (Fla. 4th DCA 1993); Barnett v. Barnett, 718 So.2d 302, 304 (Fla. 2d DCA 1998); Andrews v. Andrews, 624 So.2d 391, 392 (Fla. 2d DCA 1993); Sloan v. Sloan, 604 So.2d 862, 863 (Fla. 2d DCA 1992); Longo, 576 So.2d at 403; Dellavecchia v. Dellavecchia, 547 So.2d 287, 287 (Fla. 2d DCA 1989); Duckworth, 414 So.2d at 563; Doane v. Doane, 279 So.2d 46, 47 (Fla. 4th DCA 1973). In making a determination on child custody according to the best interests of the child "guide-post," the court should have the benefit of the testimony of both parents. Dellavecchia, 547 So.2d at 287 (holding that, despite the mother's default, the issue of custody should be re-evaluated by the trial court on remand).
Thus, there is a well-established exception to the prevailing influence of trial court discretion on review in order to ensure that the ultimate decision is in the child's best interest. Accordingly, even though there is a reasoned basis in this case for the trial court to discount the mother's excuse for failing to inform the court she would not attend the hearing, her testimony may prove critical to the court's determination of the child's best interest and should, therefore, be heard for the protection of the child. Further, and notwithstanding a parent's prior conduct, "custody cannot be changed purely as punishment for frustration of visitation rights in the absence of evidence of what is in the best interests of the [child]." Begens, 617 So.2d at 361.
We conclude, therefore, that the court's decision that Thomas willfully failed to attend is not a sufficient justification to deny Thomas this opportunity to be heard before permanently removing the child from her primary care.
Nothing contained in this opinion shall preclude taking the mother's conduct into consideration, to the extent that it is relevant to the best interest issue, or preclude the imposition of other sanctions against her.
POLEN, C.J. and STEVENSON, J., concur.