823 So.2d 246 (2002)
David Frank CHILDERS, Appellant,
v.
Lynne RILEY, Appellee.
No. 4D01-2515.
District Court of Appeal of Florida, Fourth District.
August 7, 2002.
Jay A. Schwartz of Sachs, Sax & Klein, P.A., Boca Raton, for appellant.
Tracy Belinda Newmark and Terry Ellen Fixel of Fixel & La Rocco, Hollywood, for appellee.
FARMER, J.
We reverse and remand for a new trial on the issue of child custody. As we did in Webber v. Novelli, 756 So.2d 164, 165 (Fla. 4th DCA 2000), we hold that the issue of custody should not ordinarily be determined by entering a default against one of the parents. In Webber we said that the best interests of children in custody disputes is not susceptible to default judgment and explained that this court:
"has always been of the opinion that the custody of a child should never be determined on a default basis. In other words, when we are dealing with the *247 question of custody, this Court must have information from all sides in order to render an ultimate decision that will truly be in the best interest of the child. This can never be done if matters are conducted on a default basis with only one side presenting testimony."
756 So.2d at 165.
We recognize that the court also considered a recommendation of the General Master that the father be held in contempt for failing to pay temporary support and that his pleadings therefore be stricken from the record. Nevertheless, the court can determine the best interests of children in the custody equation only by considering each parent as possible custodian. See Andrews v. Andrews, 624 So.2d 391 (Fla. 2d DCA 1993) (although parent may be "ineffective and uncooperative" as litigant, parent may still be better custodian of party's children). Moreover, section 61.13(2)(b)(2), Florida Statutes (2001), provides that "[t]he court shall order that the parental responsibility for a minor child be shared by both parents unless ... shared parental responsibility would be detrimental to the child." The court made no such finding in this case, and we find no competent evidence to support such a finding anyway.
As to the finding of contempt for nonpayment of child support, we affirm. See Undercuffler v. Undercuffler, 798 So.2d 867, 870 (Fla. 4th DCA 2001) (holding, even though temporary order designated father as primary residential parent, no abuse of discretion in awarding child support to mother where she had actual custody).
TAYLOR, J., and GRIMES, HUBERT L., Associate Judge, concur.