881 So.2d 20 (2004)
Amabile A. CAUSIN, Appellant,
v.
Sergio Luis LEAL, Appellee.
No. 4D03-3503.
District Court of Appeal of Florida, Fourth District.
July 14, 2004.
Rehearing Denied September 17, 2004.
*21 Kathleen K. Peña, Pembroke Pines, for appellant.
Walter Strauss, Pompano Beach, for appellee.
BERNSTEIN, SCOTT M., Associate Judge.
The mother of a ten-year-old child challenges the trial court's subject matter jurisdiction in this custody dispute and also seeks reversal of an award of custody based on a default. We affirm in part, reverse in part, and remand for further proceedings.
Petitioner and Respondent were married in Miami in 1991, had a child in 1994, moved to Brazil in 1996, and separated in Brazil in 1997. They agreed the child would reside with the mother and the father would have visitation rights. They acquired a temporary order from a Brazilian court affirming this arrangement. The father then moved back to the United States. He claims the mother brought the child to him in May 1998 and left the child in the father's care. He also claims the mother left no forwarding address and made no contact with the father or the child until February 1999. The mother then called from a hotel wanting to visit the child. The father left the child with the mother for a few hours. When the father returned, the mother and child were gone. The father filed a dissolution petition and attempted to serve the mother at the hotel. He made several attempts to locate the mother, contacting relatives, hiring a private detective, making "missing child" flyers, and searching on the Internet, all to no avail. The mother claims she was a resident of California, although she admitted to having a Florida driver's license and renewing it with a false Florida address in 1999.
In May 1999, after service by publication, the father obtained a final judgment of dissolution of marriage and sole custody of the child by default. In August 2002, the father obtained a pick-up order after tracing the mother's call from a Redondo Beach, California pay phone. The pick-up order was executed in May 2003 and the child was returned to the father; she continues to reside with him.
The mother moved to vacate the final judgment and the pick-up order, challenging the trial court's subject matter jurisdiction. We find the trial court did not abuse its discretion when it exercised subject matter jurisdiction over this case. Section 61.1308, Florida Statutes (2001)[1] allows a Florida court to exercise jurisdiction to make child custody determinations by initial or modification decree if this state is either a) the child's home state or b) Florida had been the child's home state within 6 months before commencement of the proceedings, the child is absent from the state because of her removal by a *22 party claiming custody, and a parent continues to live here. The trial court heard testimony supporting either scenario.
The mother also argues, for the first time on appeal, that the trial court abused its discretion in denying the mother's motion to vacate the default final judgment. Generally, a decision to deny relief from a default final judgment is within the trial court's discretion. Armstrong v. Panzarino, 812 So.2d 512, 514 (Fla. 4th DCA 2002). A default should be set aside only where the movant shows excusable neglect, a meritorious defense, and due diligence in seeking to have the default set aside. Sanchez v. Horrell, 660 So.2d 366, 367 (Fla. 4th DCA 1995).
However, these general rules regarding defaults are not sufficient for decisions affecting the custody of children. The court must have information from all sides in order to render a decision in the best interest of a child. This cannot be accomplished if matters are conducted on a default basis with only one side presenting testimony. See Childers v. Riley, 823 So.2d 246, 246-47 (Fla. 4th DCA 2002). A default may be an appropriate mechanism to decide other issues involved in a dissolution of marriage action. However, it simply is not proper to decide custody based on a default. See id.; see also Rose v. Ford, 861 So.2d 490 (Fla. 4th DCA 2003). Therefore, we reverse that part of the trial court's final judgment granting the father custody based solely on a default and remand to the trial court to conduct such proceedings as are necessary to make findings of fact considering the best interest of the child.
We do not wish to suggest how the trial court should ultimately rule in this matter. Indeed, the trial court may well find on remand it is in the best interest of this child to remain with her father. However, we do require the trial court's decision to be based on written findings of fact specifying the best interest of this child.
POLEN and MAY, JJ., concur.
NOTES
[1] Effective October 1, 2002, the UCCJA, sections 61.1302-.1348, was amended and renamed as the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) and renumbered as sections 61.501-.542, Florida Statutes (2002).