PER CURIAM.
In this appeal the former wife seeks review of a final order modifying the child custody provisions of the final judgment of dissolution of marriage. The former wife failed to attend the final hearing on the former husband’s petition for modification, despite having notice of the hearing, and now complains that the trial court erred in making a child custody determination without hearing evidence from her. She also argues that the evidence presented at the final hearing was insufficient to support the trial court’s judgment of modification.
The parties’ marriage was dissolved on September 22, 2005. Their marital settlement agreement, dated August 15, 2005, was incorporated into the final judgment of dissolution. The parties agreed to shared parental responsibility, with neither party as the primary residential parent, and to joint rotating custody. To facilitate equal timesharing, the parties agreed that they would not relocate more than fifteen miles from the former husband’s current residence without written agreement or court order. The agreement did not set forth a schedule, but provided that if the parties could not agree on any issue, such as timesharing, visitation, or access to the children, they would have the court determine those issues.
On September 28, 2006, the parties entered into a mediated modification agreement following post-dissolution proceedings. Pursuant to that agreement, and in contemplation of the former wife’s relocation more than fifteen miles from the former husband’s residence in Boca Raton, Florida, the parties agreed that the former wife’s timesharing with the minor children would be in accordance with the standard Model Out-of-State Timesharing Schedule. On October 6, 2006, the former wife filed a motion to enforce the mediation agreement.
On November 28, 2006, the former husband filed an Amended Petition for Modification of Final Judgment of Dissolution of Marriage and Order Enforcing Modification Agreement. In the petition, he alleged a substantial change in circumstances in that the wife had relocated to San Jose, California and now exercised only “sporadic and infrequent timeshar-ing.” He further alleged that the former wife’s contact was disruptive and unpre *1106 dictable; thus, rotating custody was' no longer in the children’s best interests.
On January 31, 2007, the trial court ratified and approved the mediated modification agreement, ordering the parties to comply with the agreement, including the Model Out-of-State Timesharing Schedule.
Litigation regarding modification continued; ultimately, the final hearing was set for June 3, 2009. On May 7, 2009, the former wife’s counsel moved to withdraw. The motion was granted on May 12, 2009. The order granting the motion to withdraw was furnished to the former wife and specifically stated, “Friday May 15 hearing and June 3, 2009 final hearing remain set.”
The former wife appeared telephonically at the May 15, 2009 hearing, but she failed to appear for the final hearing held on June 3, 2009. She also did not have counsel present. After determining that the former wife had notice of the trial, the trial court went forward with the trial.[1] In addition to the former husband, two witnesses testified on his behalf: Dr. Richard Sauber, who performed an independent psychological evaluation of the minor children, and Barbara Alves, the children’s former nanny.
The trial court found that since the former wife’s relocation to California over two-and-a-half years ago, the minor children have resided continuously with the former husband in Florida, and the former wife has not sufficiently and consistently exercised her timesharing/visitation with the minor children. The court also considered testimony that the former wife refused to return the children to Florida during their 2009 spring break visitation with the former wife in California and that the former husband had to enlist the aid of the San Jose Police Department for their return. Additionally, the court noted the former wife’s positive drug test results and failure to provide any financial support for the children. Based upon the court’s findings concerning a substantial change in circumstances and the safety and welfare of the minor children, the trial court awarded sole custody to the former husband and terminated his child support obligation. The court ordered the former wife to pay child support to the former husband, imputing the minimum wage as her income, and further ordered the former wife to pay the former husband’s attorney’s fees and costs, pursuant to Rosen v. Rosen, 696 So.2d 697 (Fla.1997).
On appeal, the former wife contends that the court reversibly erred by entering its final judgment without hearing or considering any evidence from her. We disagree. Custody determinations made by a court based on the default of one parent or on a parent’s failure to appear at a final hearing are often reversed on appeal. This is because the general rules regarding defaults are insufficient for decisions affecting the custody of children. See Causin v. Leal, 881 So.2d 20, 22 (Fla. 4th DCA 2004) (stating that “[t]he court must have information from all sides in order to render a decision in the best interest of a child. This cannot be accomplished if matters are conducted on a default basis with only one side presenting testimony”); Childers v. Riley, 823 So.2d 246, 246 (Fla. 4th DCA 2002) (holding that “the issue of custody should not ordinarily be determined by entering a default against one of the parents”).
*1107 This case, however, was not decided upon a default but upon a full hearing with witnesses and substantial evidence. The mother simply failed to show up at the hearing. She did not move to vacate the proceedings pursuant to Florida Rule of Civil Procedure 1.540(b) and has offered no reason, either in the trial court or in this court, as to why she absented herself from the hearing after receiving notice.
In Armstrong v. Panzarino, 812 So.2d 512, 513 (Fla. 4th DCA 2002), the mother failed to appear at the final hearing on the father’s petition to establish paternity, fix support, and establish shared responsibility and visitation. The trial court entered final judgment, establishing paternity in the father and appointing him the primary residential parent of the parties’ minor child. Id. Thereafter, the mother requested an emergency hearing for reconsideration. Id. After her request was denied, she moved for relief from judgment under Rule 1.540(b). Id. At the evidentiary hearing on her Rule 1.540(b) motion, the mother presented testimony concerning her hospitalization and miscommunications in her attempts to apprise the court of her condition and inability to attend the hearing. Id. Finding that the mother’s absence at the hearing was not a mistake, but “a willful attempt to manipulate the court,” the trial judge denied her motion for relief from the default judgment. Id. at 514. We reversed, holding that it was an abuse of discretion for the court to make its ruling without considering the best interest of the child. Id. We concluded that “the court’s decision that [the mother] willfully failed to attend is not sufficient justification to deny [the mother] this opportunity to be heard before permanently removing the child from her primary care.” Id.
Our holding in Armstrong, however, should not be interpreted as compelling an automatic reversal of a final judgment where one party to a custody battle willfully fails to appear at a hearing. To hold that a final judgment is defective simply because a parent failed to appear at a final hearing would lead to all kinds of strategic game-playing and cause delay in the resolution of custody cases. This would be contrary to the best interest of the child. A parent should have the right to move to vacate a final custody judgment on the grounds allowed by Rule 1.540(b). At the hearing on the Rule 1.540(b) motion, the court may consider the absent party’s grounds for failing to appear and hear any evidence that the party may have that would involve the party’s “meritorious defense” to the proceedings. See Webber v. Novelli, 756 So.2d 164, 165-66 (Fla. 4th DCA 2000) (noting that the trial court held an evidentiary hearing on the mother’s failure to attend). See also Elliott v. Aurora Loan Servs., LLC, 31 So.3d 304, 307 (Fla. 4th DCA 2010) (stating that to set aside judgment, the trial court must find that the movant has demonstrated excusable neglect, a meritorious defense, and due diligence in seeking relief). The issue before the court is whether to vacate the final judgment based upon evidence presented at the hearing.
Unless the mother takes the step of seeking to vacate the final judgment, the final judgment is not reversible. On appeal, the final judgment is not voidable simply because the mother did not appear, so long as she received notice of the hearing and an opportunity to participate. Here, the record shows that the mother received both.
We further find that the trial court’s judgment was supported by competent substantial evidence; the court did not abuse its discretion in modifying the *1108 custody arrangements. We therefore affirm the final judgment.

Affirmed.

WARNER, STEVENSON and TAYLOR, JJ., concur.

. In its final order the trial court noted that the former wife also failed to appear for two previously scheduled mediations, respectively on June 10, 2008 and October 14, 2008, and that she failed to comply with the court’s order to provide the court with any supporting documentation for her nonappearances. She also failed to appear for her mutually scheduled deposition of May 8, 2009.