CIKLIN, J.
Leonard Jeffers (“the Father”) appeals the Amended Final Judgment of Paternity, arguing, among other things, that the trial court impermissibly altered the time-sharing schedule without hearing testimony from both parents. We agree that under the circumstances of this case, the trial court improperly set a time-sharing schedule without considering the Father’s evidence because hearing evidence from both parents was necessary to ensure that the decision was in the best interest of the child. Accordingly, we reverse and remand the case to the trial court with instructions to allow the Father an opportunity to present evidence regarding the best interest of the child.
Facts
The Father and Therese Gail McLeary (“the Mother”) are the parents of a minor child (“the Child”). In 2010, the trial court entered an Agreed Order on Child Support. The order established child support obligations and divided the Child’s costs between the parents, but the order did not address the issue of time-sharing. According to the Father, he enjoyed time-sharing with the Child every weekend during this period. According to the Mother, the Father only had time-sharing every other weekend.
In February 2012, the Mother moved to hold the Father in contempt for failure to pay child support. The trial court scheduled a hearing on the motion for May 14, 2012. The Father, who was not represented by counsel at the time, failed to appear at the hearing. The court found that the Father had been duly noticed and proceeded with the hearing.[1]
After the hearing concluded, the court issued a Final Judgment of Paternity which ordered the Father to pay child support arrearages and to continue paying the underlying child support obligations. The order also stated the Father was to have time-sharing every other weekend, in addition to specified holidays and special days.
The Father, at that point represented by counsel, timely filed a motion for rehearing, or in the alternative, to vacate the final judgment pursuant to Florida Rules of Civil Procedure 1.530 and 1.540.[2] The *289 Father attached an affidavit to the motion, in which the Father attested to the factual allegations underpinning his motion. The Father admitted receiving notice of the hearing in the mail, but waited to open the mail until he had obtained counsel, which occurred shortly after the hearing. The Father argued that his non-payment of child support occurred because he had lost his employment. The Father also stated that before the trial court entered the Final Judgment of Paternity, the Father had enjoyed time-sharing with the Child every weekend.
The trial court did not hold a hearing on the Father’s post-judgment motions and denied them.[3]
The Father appeals the Amended Final Judgment of Paternity, arguing that the trial court failed to consider the best interest of the Child for purposes of custody and support, and that the trial court’s order was deficient because it failed to explicitly address the best interest of the Child.[4]
Analysis
Generally, the standard of review for the denial of a motion for rehearing or motion for relief from judgment is whether there has been an abuse of the trial court’s discretion. See J.J.K. Int'l, Inc. v. Shivbaran, 985 So.2d 66, 68 (Fla. 4th DCA 2008) (citations omitted). However, when the trial court makes a ruling affecting time-sharing,[5] the trial court must have information from both parents to ensure that the court’s ultimate decision will truly be in the best interest of the child. See Armstrong v. Panzarino, 812 So.2d 512, 514 (Fla. 4th DCA 2002) (“In making a determination on child custody according to the best interests of the child ‘guidepost,’ the court should have the benefit of the testimony of both parents.” (citation omitted)); Webber v. Novelli, 756 So.2d 164, 165 (Fla. 4th DCA 2000); see also § 61.13(3), Fla. Stat. (2011) (stating that when establishing or modifying a time-sharing schedule, “the best interest of the child shall be the primary consideration”).
Because orders affecting time-sharing implicate the best interest of the child, “both parents should have the opportunity to put on evidence ... regardless of how they conduct themselves.” Webber, 756 So.2d at 165 (citing Andrews v. Andrews, 624 So.2d 391 (Fla. 2d DCA 1993)). Even when a parent willfully fails to attend a hearing, the trial court should still give the parent the opportunity to be heard and to present evidence before reaching a decision affecting time-sharing. See Armstrong, 812 So.2d at 514 (holding that trial court erred by modifying child custody plan based on default judgment where the mother willfully failed to appear).
The rule requiring testimony from both parents in decisions affecting the best interest of the child does not give parties license to abuse the judicial system. As this court cautioned:
Our holding in Armstrong ... should not be interpreted as compelling an automatic reversal of a final judgment *290 where one party to a custody battle willfully fails to appear at a hearing. To hold that a final judgment is defective simply because a parent failed to appear at a final hearing would lead to all kinds of strategic game-playing and cause delay in the resolution of custody cases. This would be contrary to the best interest of the child.
Denker v. Denker, 60 So.3d 1104, 1107 (Fla. 4th DCA 2011).
In Denker, the father petitioned for a modification to a child custody plan, and the court scheduled a final hearing at which the mother failed to appear. After determining that the mother had notice of the hearing, the trial court proceeded with the final hearing in her absence. The court heard testimony from the father and witnesses and ultimately gave the father sole custody and ordered the mother to pay child support and the father’s attorneys’ fees. The mother did not move for rehearing or to vacate the judgment. Id. at 1105-07.
On appeal to this court, the mother argued that the trial court “reversibly erred by entering its final judgment without hearing or considering any evidence from her.” Id. at 1106. This court disagreed, noting that the mother had the opportunity to present evidence, but “simply failed to show up at the hearing.” Id. at 1107. The court also distinguished the case from Armstrong and other cases requiring reversal of default judgments because in Denker the judgment was not entered in the wake of a default. On the contrary, the court heard witness testimony and received evidence at the hearing.
A crucial distinction exists between Denker and the instant case. In Denker, the mother never moved for rehearing or to otherwise vacate the final judgment. The Denker court wrote:
A parent should have the right to move to vacate a final custody judgment on the grounds allowed by Rule 1.540(b). At the hearing on the Rule 1.540(b) motion, the court may consider the absent party’s grounds for failing to appear and hear any evidence that the party may have that would involve the party’s “meritorious defense” to the proceedings ....
Unless the [parent who failed to appear] takes the step of seeking to vacate the final judgment, the final judgment is not reversible.
Id. at 1107 (citations omitted).
Here, the Father moved for rehearing or, in the alternative, to vacate the final judgment pursuant to Rules 1.530 and 1.540. The trial court denied the Father’s motion without a hearing, and without giving the Father the opportunity to present evidence to show whether he had a “ ‘meritorious defense’ to the proceedings.” Id. (citation omitted). Case law suggests that the trial court hold a hearing on the Father’s post-judgment motions during which the Father may present his evidence, at which point the trial court should determine whether to vacate the judgment. See Webber, 756 So.2d at 165-66 (approving the trial court’s decision to allow a parent to present evidence during a hearing on a motion to vacate a final judgment following the parent’s failure to attend a hearing).
We stress that this opinion should not be extended beyond cases affecting the best interest of the child. Our cases discussing these issues emphasize that these rulings are exceptional due to the importance of the rights of the child. See Denker, 60 So.3d at 1106; Causin v. Leal, 881 So.2d 20, 22 (Fla. 4th DCA 2004); Armstrong, 812 So.2d at 514; Webber, 756 So.2d at 165. We also wish to emphasize, as we did in Denker, that parties should not misconstrue our holdings as permission to engage *291 in “strategic game-playing” to delay the resolution of judicial proceedings affecting the rights of children. See Denker, 60 So.3d at 1107.
 We also write briefly to address the Father’s argument that the Amended Final Judgment of Paternity was fundamentally defective because it failed to include explicit findings concerning the best interest of the Child. The Father is correct that “a trial court must make a finding that the time-sharing schedule is in the child’s best interests.” Winters v. Brown, 51 So.3d 656, 658 (Fla. 4th DCA 2011) (citation and quotation marks omitted). The case law is clear, however, that the written order is not fundamentally deficient for failing to address the best interest of the child. See Aguirre v. Aguirre, 985 So.2d 1203, 1206 (Fla. 4th DCA 2008) (citations omitted). The court may properly make a finding that a time-sharing schedule is in the best interest of the child at trial, and the written order is not deficient solely because it fails to address the best interest determination. See id. (citations omitted).
Here, the parties have not provided a transcript of the hearing, and this court will not assume that the trial court failed to consider the best interest of the child unless it is clear from the record. See id.; Webber, 756 So.2d at 166 n. 1 (citing Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979)); Clark v. Clark, 825 So.2d 1016, 1017-18 (Fla. 1st DCA 2002) (noting that a party “cannot be heard to complain about the force or weight of the evidence adduced” at a hearing that was not transcribed unless it is clear from the record that the court did not address the best interest of the child at the hearing) (citations omitted). We note, however, that “[t]he better practice is for the trial court to thoroughly address the relevant considerations in its written order.” Nunes v. Nunes, 112 So.3d 696, 702 (Fla. 4th DCA 2013).
In this case, while the order is not fundamentally defective because it failed to include required findings, we must nevertheless reverse because the record is clear that the court failed to consider the Father’s evidence. Accordingly, we reverse and remand the case to the trial court with instructions to give the Father the opportunity to present testimony and evidence on the issues of time-sharing and child support at a hearing on the motion to vacate the Amended Final Judgment of Paternity.[6] At that juncture, the trial court may properly exercise its discretion in deciding whether to vacate the judgment.

Affirmed in part; reversed and remanded in part with instructions.

DAMOORGIAN, C.J., and CONNER, J., concur.

. The parties have not provided a transcript of the May 14 hearing.

. Florida Family Law Rules of Procedure 12.530 and 12.540 provide that the ordinary rules of civil procedure apply for motions for rehearing and motions for relief from judg *289 ment, subject to certain exceptions that are not at issue in this case.

.The trial court rendered an Amended Final Judgment of Paternity which made some minor revisions, none of which are relevant to this appeal.

. The Father also argued that he received insufficient notice of the hearing. We affirm on this issue without further comment.

. "[Wjith the overhaul to the family law statutes in 2009, the concept of ‘custody’ was replaced with ‘time-sharing’.... ” Mudafort v. Lee, 62 So.3d 1196, 1197 n. 1 (Fla. 4th DCA 2011).

. The procedures we described in Denker and Webber may aid the trial court on remand. Denker, 60 So.3d at 1107; Webber, 756 So.2d at 165-66.