# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2363
_____

JAMES CHRISTOPHER PEARCE,
Former Husband,

      Appellant,

      v.

JENNIFER BOUDREAUX f/k/a
Pearce, Former Wife,

      Appellee.

_____

On appeal from the Circuit Court for Alachua County.
Victor L. Hulslander, Judge.

February 28, 2019

PER CURIAM.

This appeal involves a petition to permit the relocation of minor children filed by the former wife. The former husband, acting pro se, timely filed legal papers objecting to the relocation; an answer and counter-petition were also filed. In response, the former wife filed a motion for the trial court to enter an order of relocation based upon alleged deficiencies in the former husband's filings. Without holding a hearing, the trial court entered an order of relocation and the former wife moved with the minor children.

The former husband filed a motion for relief from the judgment and an amended objection to relocation. After a hearing

on the motion, the trial court denied relief based upon the former husband's initial objection being legally insufficient for lack of verification and factual recitations. This appeal ensued.

We agree with the former husband that the trial court was required to hold a hearing upon the timely filing of the former husband's initial pro se objection. The applicable statute provides:

> (d) If the other parent and any other person entitled to access to or time-sharing with the child *fails to timely file a response objecting to the petition to relocate*, it is presumed that the relocation is in the best interest of the child and that the relocation should be allowed, and the court shall, *absent good cause*, enter an order specifying that the order is entered as a result of the failure to respond to the petition and adopting the access and time-sharing schedule and transportation arrangements contained in the petition. The order may be issued in an expedited manner without the necessity of an evidentiary hearing. *If a response is timely filed, the parent or other person may not relocate, and must proceed to a temporary hearing or trial and obtain court permission to relocate.*

§ 61.13001(3)(d), Fla. Stat. (emphasis added). The highlighted portions establish two points. First, an order of relocation may only be entered without a hearing where a parent or other person entitled to access or time-sharing "fails to timely file a response objecting to the petition to relocate[.]" *Id.* The statute does not say that the objection must be flawless in terms of legal sufficiency; it says only that a "timely . . . response objecting" is required. The legal sufficiency of the objection, and whether it can be amended or modified for good cause, are matters to be considered at a hearing on the initial objection. It would make no sense, for instance, to permit a trial judge to sign off on an order of relocation without a hearing where an objecting parent filed a fully compliant objection but failed to get it verified; relocation would be premature in such a case. Second, the last sentence of the statute requires at least a "temporary hearing" before relocation occurs where "a response is timely filed," which buttresses the first point. If a parent fails to file an objection of any kind, a trial court may— absent good cause—"enter an order specifying that the order is

2

entered as a result of the *failure to respond* to the petition" in any way. Where no response is filed, an order of relocation "may be issued in an expedited manner without the necessity of an evidentiary hearing." *Id.* Here, a response was filed, thereby necessitating that relocation may not occur, if at all, until after a temporary hearing (or trial). *Id.*

We do not overlook the requirement that "[a]n answer objecting to a proposed relocation must be verified and include the specific factual basis supporting the reasons for seeking a prohibition of the relocation, including a statement of the amount of participation or involvement the objecting party currently has or has had in the life of the child." § 61.13001(5), Fla. Stat. (2009). The objecting party is required to meet these requirements to ensure that the trial court is apprised of verified facts relevant to the relocation issue, but we see no fatal inconsistency in the legislature's requirement in (3)(d), that a hearing is required where an objection is timely filed, with the requirement in (5), that an objection should have verified facts. As to the former, the legislature clearly wanted to prevent trial courts from entering ex parte relocation orders where a timely objection is filed; it also clearly wanted to permit such orders, *absent good cause*, where no response is filed. *See Vaelizadeh v. Hossaini*, 174 So. 3d 579 (Fla. 4th DCA 2015) (emphasis added). As to the latter, the legislature requires verified facts, but it did not make them a pre-condition to a temporary hearing before relocation. It may well be that the absence of verified facts or a lack of evidence favoring the objector will, after a hearing, make relocation permissible. We do not read a failure to comply with subsection (5), however, as a basis for ignoring a timely filed objection.

REVERSED and REMANDED.

MAKAR, WINOKUR, and M.K. THOMAS, JJ., concur.

3

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Lorraine H. Sherman, La Crosse, for Appellant.

Joshua M. Silverman of Silverman, Mack & Associates, Gainesville, and Adam S. Vorhis, Asheville, NC, for Appellee.