NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

CASEY DAY, *Petitioner/Appellee/Appellant*,

*v.*

ANDREAH WALLAERT, *Respondent/Appellant/Appellee*.

Nos. 1 CA-CV 20-0062 FC
1 CA-CV 21-0020 FC
(Consolidated)
FILED 12-16-2021

Appeal from the Superior Court in Mohave County
No. L8015DO201707346
The Honorable Steven C. Moss, Judge

**REVERSED IN PART AND AFFIRMED IN PART**

COUNSEL

Silk Law Office, Lake Havasu City
By Melinda Silk
*Co-counsel for Petitioner/Appellee/Appellant*

Horne Slaton PLLC, Scottsdale
By Sandra L. Slaton, Kristin M. Roebuck Bethell
*Co-counsel for Petitioner/Appellee/Appellant*

Law Offices of Heather C. Wellborn PC, Lake Havasu City
By Alyssa N. Oubre, Heather C. Wellborn
*Counsel for Respondent/Appellant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the court, in which Judge Brian Y. Furuya and Judge Michael J. Brown joined.

---

**H O W E**, Judge:

¶1        This consolidated case originally came to this court when Andreah Wallaert ("Mother") appealed the superior court's order granting Casey Day's ("Father") motion to prevent relocation. We determined that Father did not timely object and that the superior court had not made the required finding that he had good cause for filing a late objection. On remand to address that issue, the court found that Father did not establish good cause for his late objection. Father appealed that ruling, and we consolidated his appeal with Mother's appeal from the relocation decision.

¶2        For the following reasons, we reverse the superior court's determination that Father did not have good cause for his late objection to Mother's relocation and affirm the court's order granting his motion to prevent relocation and modifying parenting time.

**FACTS AND PROCEDURAL BACKGROUND**

¶3        Mother and Father divorced in 2018 and have one minor child together, D.D. At the time of the dissolution, the parties lived in Lake Havasu City, and the superior court adopted their agreement that they would share joint legal decision-making authority and that Father would have parenting time with D.D. three nights per week.

¶4        Mother worked part-time as a waitress during the marriage but testified that after the dissolution she needed to work full-time to make enough money to support herself, D.D., and a child from a prior relationship. Because Mother worked as a waitress and bartender from around 2 p.m. until midnight, she often could not spend time with D.D. after school and in the evenings. Father exercised frequent parenting time consistent with the parties' agreement and his work schedule.

2

¶5            In 2019, Mother became engaged to a man who lives in California. Through her fiancé's connections in the construction industry, she learned of job opportunities in California that would allow her to earn more money and work only during school hours.

¶6            In July 2019, Mother sent Father notice, via certified mail, that she intended to relocate with D.D. to California. Father immediately texted Mother that he did not agree with the relocation and would seek custody of D.D. Father then phoned his attorney's office and was told that his counsel was leaving for a three-week vacation and that she could see him two to three days after she returned.

¶7            Father visited the courthouse to ask for more information about Mother's notice. The law librarian emailed him a document that he could file to ask the court not to allow the relocation until he could speak to his counsel. Father did not file that document; instead, he waited until August 8, 2019, 34 days after service to move to prevent relocation. The superior court ruled that Father's objection was timely. The court proceeded with an evidentiary hearing on Father's motion to prevent relocation and ordered that Mother could not relocate with D.D. because it was not in his best interests.

¶8            Mother appealed that ruling. Before reaching the merits of the relocation decision in her appeal, we determined that the superior court had erred on a threshold issue: whether Father had timely objected to the notice of intent to relocate. The superior court had incorrectly ruled that Mother did not properly serve her notice and thus the 30-day period for Father to object never commenced and his motion to prevent relocation was timely. As a result of this error, the court did not require Father to show, and did not make a finding, that he had good cause for a late objection.

¶9            We stayed Mother's appeal and directed the superior court to determine whether Father had good cause for filing his objection more than 30 days after she had served her notice. After a hearing, the superior court found that Father lacked good cause to excuse his untimely objection. The court denied Father's motion to alter or amend that ruling, and he timely appealed. Father's appeal from the good cause ruling was consolidated with Mother's still-pending appeal from the relocation decision.

## DISCUSSION

¶10            Father appeals the superior court's determination that he lacked good cause to file a late objection. Mother appeals the order granting Father's motion to prevent relocation. We review child custody and

relocation decisions for an abuse of discretion, viewing the evidence in the light most favorable to upholding the decision. *Owen v. Blackhawk*, 206 Ariz. 418, 420 ¶ 7 (App. 2003); *Vincent v. Nelson*, 238 Ariz. 150, 155 ¶ 17 (App. 2015).

**I.    The trial court erred in finding that Father did not have good cause for his untimely motion to prevent relocation.**

¶11        Father challenges the trial court's ruling on remand that he had "no real barrier" to timely move to prevent relocation and that no good cause excused his tardiness. He argues that the undisputed facts meet the good cause standard because he acted with reasonable diligence to file his objection and that the child's best interests, not his non-prejudicial tardiness, should govern the relocation decision.

¶12        Under A.R.S. § 25–408(A), a parent who shares joint legal decision-making authority or parenting time of a minor child must notify the other parent in writing at least 45 days before moving with the child outside the state or more than 100 miles within the state. If no petition to prevent relocation is filed within 30 days after notice, the court may grant a petition to prevent relocation "only on a showing of good cause." A.R.S. § 25–408(C). The child's best interests are paramount in custody determinations. *See Hays v. Gama*, 205 Ariz. 99, 103–04 ¶¶ 21–24 (2003) (holding that the superior court erred by precluding evidence as a sanction for violating court orders because the exclusion of that evidence affected the court's ability to consider the child's best interests); *Navajo Nation v. Ariz. Dep't. of Econ. Sec.*, 230 Ariz. 339, 345 ¶ 18 (App. 2012) (holding, in the context of a deviation from the placement preferences set forth in the Indian Child Welfare Act of 1978, "the lodestar for a court is essentially the same as with other custody and placement issues[:] the best interests of the child"); *Alvarado v. Thomson*, 240 Ariz. 12, 15–17 ¶¶ 17, 21 (App. 2016) (holding that the superior court properly set aside a fraudulent acknowledgment of paternity used to avoid the judicial best-interests determination required for an adoption and citing *Hays* for the proposition that a child's best interests are paramount in a custody determination).

¶13        On this record, we agree with Father that the superior court abused its discretion because good cause existed to grant Father's motion to prevent relocation despite his untimely response. After Father received the notice of intent to relocate, he immediately notified Mother that he did not agree to the relocation and would seek custody of D.D. Mother was therefore aware well before the 30-day deadline that Father did not consent to the move. Although Father did not file a timely objection, he had

4

immediately contacted his attorney's office, who was going on a 21-day vacation. Despite his attorney's absence, Father moved to prevent relocation just four days after the 30-day deadline passed and before Mother's notice would have allowed her to relocate. *See* A.R.S. § 25–408(A). Father therefore substantially complied with the statute's procedural requirements and had good cause for the late service of his petition. *See Jurgens v. Jurgens*, 1 CA-CV 17-0492, 2018 WL 2676255, *2 ¶ 13;[1] *see also Vaelizadeh v. Hossaini*, 174 So.3d 579, 583–84 (Fla. Dist. Ct. App. 2015) ("[T]he record suggests that the father's untimely response to the relocation petition was not due to the father's willful inaction, but due to his original attorney's unavailability while tending to an ill family member."). To allow Mother to relocate with D.D. as essentially a matter of default in this situation would "exalt form over substance," something we have said we will not do, "particularly in a family court matter where a child's best interests are at stake." *Jurgens*, 2018 WL 2676255, at *3 ¶ 16.

¶14　　　　*Jurgens* is instructive. There, the mother advised the father via email that she intended to relocate with their minor child. *Id.* at *1 ¶ 3. Fifteen days later, the father petitioned to prevent relocation and requested primary custody. *Id.* The mother admitted that she had received an email from the father advising her of his petition, and then she served the father with a notice of intent to relocate pursuant to A.R.S. § 25–408(A), (B). *Id.* The court set a hearing on the father's petition, and he formally served mother with the document. *Id.*

¶15　　　　The mother moved to dismiss the father's petition, arguing that he had failed to timely object to her notice of intent to relocate as A.R.S. § 25–408(C) requires. *Id.* at *1 ¶¶ 4–5. The court denied the motion to dismiss, finding good cause existed to allow the father a hearing on his petition. *Id.* at *1 ¶ 5. The court treated the father's petition to prevent relocation as responsive to the mother's notice of intent, and after a hearing, granted the father's petition and modified the parenting time schedule. *Id.* On appeal, we rejected the mother's argument that the superior court abused its discretion by finding that the father had good cause for his failure to follow A.R.S. § 25–408. *Id.* at *2, *3 ¶¶ 11, 16. We held that the father had substantially complied with the statute's procedural requirements and had good cause for the late service of his petition on the mother. *Id.* at *2 ¶ 13.

¶16　　　　As noted in *Jurgens*, we will not exalt form over substance, especially as it concerns a child's best interests. *Id.* at *3 ¶ 16; *see also*

---

[1]　　　Unpublished decisions may be cited for persuasive authority. Ariz. R. Sup. Ct. 111(c)(1)(C).

*Vaelizadeh,* 174 So.3d at 583–84 (finding good cause to preclude entry of a relocation judgment under a statute substantially similar to § 25–408 despite the father's untimely response); *In re Marriage of Pennamen*, 135 Wash.App. 790, 798 (2006) (affirming the trial court's decision not to allow relocation by default under a statute substantially similar to § 25–408, despite a late objection to relocation). Thus, we reverse the superior court's determination that Father lacked good cause for his late objection to Mother's notice of relocation and turn to the merits of the superior court's relocation decision.

## II. The trial court did not err in denying Mother's motion to relocate to California with D.D.

¶17 When parents cannot agree about the relocation of a child, Arizona law requires the superior court to "determine whether to allow the parent to relocate the child in accordance with the child's best interests." A.R.S. § 25–408(G). Contrary to Mother's argument, the parent seeking to relocate has the burden to prove that the move is in the child's best interests. A.R.S. § 25–408(G); *Pollock v. Pollock*, 181 Ariz. 275, 277 (App. 1995). The court must consider and make specific findings on the record about the statutory factors in A.R.S. §§ 25–403(A) and –408(I) and explain why its decision is in the child's best interests. *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 20 (App. 2009). We will not substitute our own "item by item" analysis for the superior court's.

¶18 The court found that D.D. has a loving relationship with each parent and is well-adjusted to their homes in Lake Havasu City. D.D. has family and social networks in the Lake Havasu City community, engages in extra-curricular activities, and enjoys outdoor recreational activities with Father. The court determined that although a move to California would likely improve Mother's quality of life, it would not improve D.D.'s general quality of life and would cause him to have less time with Father. The record supports the superior court's ruling.

¶19 Mother argues the superior court did not consider all the evidence related to the statutory factors and challenges the court's interpretation of the evidence. The court's decision, however, shows that it specifically and thoroughly considered the evidence relevant to each of the statutory factors and detailed why relocation would not be in D.D.'s best interests. That the court's findings do not mirror Mother's interpretation of the evidence does not mean that the court abused its discretion.

¶20 After considering the evidence, the superior court found that Mother had not satisfied her burden to prove that moving was in D.D.'s best interests. A.R.S. § 25–408(G). The record shows that the court considered and made findings on all of the relevant factors, and it did not abuse its discretion in considering D.D.'s best interests and determining that relocation was inappropriate under the circumstances of this case.

¶21 Finally, in considering Father's motion to prevent relocation, the superior court found that granting his request in the parties' joint pretrial statement to modify parenting time to a week-on/week-off schedule was in D.D.'s best interests. Although Father did not make his request in a formal petition, the "pretrial statement controls the subsequent course of the litigation" and has "the effect of amending the pleading." *Carlton v. Emhardt,* 138 Ariz. 353, 355 (App. 1983). Moreover, Mother admitted at trial that the parties' parenting time was essentially equal, and the schedule change the court ordered did not alter that allocation.

## CONCLUSION

¶22 For the foregoing reasons, we reverse the superior court's determination that Father had no good cause to excuse his late objection to Mother's notice of intent to relocate. We also affirm the order granting Father's motion to prevent relocation and modifying parenting time.

¶23 Both parties request attorneys' fees on appeal under A.R.S. § 25–324. That statute authorizes the court to grant an award of attorneys' fees after considering the parties' financial resources and the reasonableness of their positions in the proceedings. In the exercise of our discretion, we deny both requests. We award taxable costs to Father upon his compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA